661 So.2d 313 (1995)
Luis BAITON, Appellant,
v.
CARNIVAL CRUISE LINES, INC., Appellee.
No. 94-1088.
District Court of Appeal of Florida, Third District.
August 23, 1995.
Rehearing Denied November 1, 1995.
Charles Lipcon; Cooper & Wolfe and Sharon L. Wolfe, Miami, and Christine M. Ng, Coral Gables, for appellant.
Keller, Houck & Shinkle, Miami and Jerry D. Hamilton, West Palm Beach and Vincent O'Brien, Tampa, for appellee.
Before BASKIN, JORGENSON and COPE, JJ.
COPE, Judge.
Luis Baiton appeals a final order dismissing his lawsuit with prejudice for failure to state a cause of action. We reverse.

I.
For purposes of considering the defendant Carnival Cruise Lines, Inc.'s motion to dismiss, the plaintiff's allegations in his second amended complaint must be accepted as *314 true.[1]See Hochman v. Lazarus Homes Corp., 324 So.2d 205 (Fla. 3d DCA 1975).
Plaintiff was a seaman employed by Carnival. A fellow seaman, Rufino Medina, filed a lawsuit against Carnival under the Jones Act. Baiton agreed to testify as a witness for Medina in that case. Baiton alleges that Carnival attempted to compel him to give an untrue statement in the Medina case. Baiton refused. Baiton alleges that he was then discharged from Carnival's employment in retaliation for his agreement to testify for Medina, and his refusal to give a false statement.
Baiton brought suit against Carnival for retaliatory discharge under federal maritime law and under Florida's private sector whistle-blower statute, section 448.101-.105, Florida Statutes (1993). After careful consideration, the trial court dismissed the second amended complaint with prejudice. Baiton has appealed.
Baiton was an at-will employee of Carnival. Ordinarily, such employment is terminable at any time by either party. Smith v. Atlas-Off-Shore Boat Serv., Inc., 653 F.2d 1057, 1060 (5th Cir.1981). However, an employer may not retaliate against an at-will employee for filing a Jones Act claim. Id. at 1061-64. That is so because such a retaliatory discharge "constitutes an abuse of the employer's absolute right to terminate the employment relationship when the employer utilizes that right to contravene an established public policy," id. at 1062, namely, the right to file a personal injury action against the maritime employer. Id. at 1063-64. Consequently, Smith allows an at-will employee to bring a tort claim for retaliatory discharge, where the employer's decision to discharge the at-will employee "was motivated in substantial part by knowledge that the seaman either intends to file, or has already filed, a personal injury action against the employer." Id. at 1063-64 (footnotes omitted). It is the plaintiff's burden to establish "that his personal injury claim was a substantial motivating factor for the discharge." Id. at 1064. Compensatory damages may be recovered, but not punitive damages. Id.
The Smith court made clear that it was creating a narrow exception to the at-will employment doctrine. Id. at 1065. The court stated that the cause of action for retaliatory discharge "does not prevent the employer from discharging the seaman for any or no reason, unless that reason is the seaman's filing of a personal injury claim." Id.
Carnival urges that the Smith decision must be confined to its exact facts. Carnival argues that Smith has no application to the present case because Baiton was not discharged in retaliation for filing a personal injury claim against the maritime employer. Instead, Baiton alleges that he was discharged because he was willing to appear as a witness for a different plaintiff, Medina, and testify truthfully in Medina's case. Carnival contends that since Baiton's position is factually distinguishable from Smith, there can be no cause of action for retaliatory discharge for Baiton.
Carnival points out that in a subsequent case, the Fifth Circuit refused to expand the retaliatory discharge cause of action. Feemster v. BJ-Titan Servs. Co./Titan Servs., Inc., 873 F.2d 91 (5th Cir.1989). Feemster was a tugboat captain who refused to make an 18-hour tugboat trip which would have violated federal safety regulations. Id. at 92. He was discharged. The Fifth Circuit declined to expand the Smith retaliatory discharge cause of action to cover retaliatory discharge for refusal to violate a safety regulation. The Fourth Circuit is in accord. Meaige v. Hartley Marine Corp., 925 F.2d 700 (4th Cir.), cert. denied, 501 U.S. 1217, 111 S.Ct. 2826, 115 L.Ed.2d 996 (1991).
Carnival reasons that in the present case, Baiton is charging Carnival with a violation of law, because Baiton alleges that Carnival attempted to have him testify untruthfully. Carnival reasons that this allegation brings this case within the ambit of Feemster and Meaige, and that Baiton's cause of action is *315 precluded by those decisions. Carnival also reads both Feemster and Meaige to confine the Smith cause of action solely to a plaintiff who is discharged for filing, or intending to file, a personal injury action against the maritime employer.
The situation now before us was not squarely presented in Smith, Feemster, or Meaige. In our view, allowing retaliation against an employee for truthful testimony, or refusing to give false testimony, strikes at the heart of the adjudicatory process. The court's ability to render fair judgments in maritime personal injury cases is dependent upon the parties' ability to obtain the truthful testimony of witnesses. Here, as in Smith, allowing a retaliatory discharge would constitute "an abuse of the employer's absolute right to terminate the employment relationship when the employer utilizes that right to contravene an established public policy." 653 F.2d at 1062. Accordingly, we conclude that the cause of action recognized in Smith is applicable to the retaliatory discharge of an employee where that discharge was motivated in substantial part by the employee's giving, or agreeing to give, truthful testimony in a personal injury action against the maritime employer, or a refusal to give a false statement in such a proceeding. We have carefully considered Carnival's arguments to the contrary, but are not persuaded thereby.

II.
Baiton also asserted a claim under the Florida whistle-blower statute, sections 448.101-.105, Florida Statutes (1993). The whistle-blower statute provides in part that "[a]n employer may not take any retaliatory personnel action against an employee because the employee has: ... (3) Objected to, or refused to participate in, any activity, policy, or practice of the employer which is in violation of a law, rule, or regulation." Id. § 448.102(3). An employee who has been the object of a retaliatory personnel action has a cause of action for damages, reinstatement, and injunctive relief. Id. §§ 448.101(5), 448.103; see also Forrester v. John H. Phipps, Inc., 643 So.2d 1109 (Fla. 1st DCA 1994). Baiton alleges that he was fired for refusing to lie under oath. Since perjury is a crime, see §§ 837.012, 837.02, Fla. Stat. (1993), Baiton asserts that his allegations state a cause of action under section 448.103.
Carnival argues that the whistle-blower statute is preempted by federal general maritime law relating to retaliatory discharge. Carnival reasons that Baiton does not have a claim for wrongful discharge under Smith, an argument we have rejected. Carnival contends that any cause of action for retaliatory discharge must be recognized exclusively under general maritime law, and that no additional or different remedy can be created under state law.
We confine our analysis to the factual context presented by this case, namely, an alleged discharge for refusal to give false testimony. The Medina case, about which this controversy revolves, was a lawsuit filed in the circuit court within this district, in Dade County, Florida.[2] We perceive no inconsistency with federal law or federal policy by application of the Florida whistle-blower statute in this factual context.[3]See Ellenwood v. Exxon Shipping Co., 984 F.2d 1270, 1273-74, 1278-81 (1st Cir.), cert. denied, ___ U.S. ___, 113 S.Ct. 2987, 125 L.Ed.2d 682 (1993).[4]
Carnival next argues that Baiton's allegations are insufficient to state a cause of *316 action under the Florida whistle-blower statute. We disagree. Baiton has sufficiently alleged a cause of action under subsection 448.102(3), namely, that he refused to give a false statement in connection with the Medina lawsuit. A claim has been stated under subsection 448.102(3), Florida Statutes (1993).
Carnival argues alternatively that Baiton has failed to satisfy a condition precedent to recovery under the whistle-blower statute. Carnival interprets the statute to require Baiton to have provided Carnival with a written pre-suit notice. We disagree.
The whistle-blower statute provides, in part:
448.102 Prohibitions.  An employer may not take any retaliatory personnel action against an employee because the employee has:
(1) Disclosed, or threatened to disclose, to any appropriate governmental agency, under oath, in writing, an activity, policy, or practice of the employer that is in violation of a law, rule, or regulation. However, this subsection does not apply unless the employee has, in writing, brought the activity, policy, or practice to the attention of a supervisor or the employer and has afforded the employer a reasonable opportunity to correct the activity, policy, or practice.
(2) Provided information to, or testified before, any appropriate governmental agency, person, or entity conducting an investigation, hearing, or inquiry into an alleged violation of a law, rule, or regulation by the employer.
(3) Objected to, or refused to participate in, any activity, policy, or practice of the employer which is in violation of a law, rule, or regulation.
448.103 Employee's remedy; relief. 
(1) ...
... .
(c) An employee may not recover in any action brought pursuant to this subsection if he failed to notify the employer about the illegal activity, policy, or practice as required by s. 448.102(1) or if the retaliatory personnel action was predicated upon a ground other than the employee's exercise of a right protected by this act.
§§ 448.102-.103(1)(c), Fla. Stat. (1993) (emphasis added; footnote omitted).
Under subsection 448.102(1), Florida Statutes, an employer may not take a retaliatory personnel action against an employee who has disclosed or threatened to disclose "an activity, policy, or practice of the employer that is in violation of a law, rule, or regulation." The statute goes on to say, "However, this subsection does not apply unless the employee has, in writing, brought the activity, policy, or practice to the attention of a supervisor or the employer and has afforded the employer a reasonable opportunity to correct the activity, policy, or practice." Id. (emphasis added).
The reference to "this subsection" means subsection 448.102(1).[5] Consequently, where an employee asserts a violation of subsection 448.102(1), the employee is required to give written notice to the supervisor or employer and an opportunity for the employer to correct the activity, policy, or practice. Similarly, if the employee brings a lawsuit against the employer alleging a violation of subsection 448.102(1), the employee may not recover "if he failed to notify the employer about the illegal activity, policy, or practice as required by s. 448.102(1)." Id. § 448.103(1)(c) (emphasis added).
This written notice requirement only applies to subsection 448.102(1). There is no comparable written notice requirement for a claim made by an employee under subsection 448.102(2), relating to governmental investigations, or subsection 448.102(3), relating to an employee objection to, or refusal to participate in, "any activity, policy, or practice of *317 the employer which is in violation of a law, rule, or regulation." Id. § 448.102(3). In the present case Baiton is proceeding under subsection 448.102(3). As there is no written notice requirement for subsection 448.102(3), Carnival's objection on this point is not well taken.
For the reasons stated, we conclude that Baiton has alleged proper causes of action for retaliatory discharge under federal maritime law and under the Florida whistle-blower statute. Accordingly, the final order under review is reversed and the cause remanded for further proceedings consistent herewith.
Reversed and remanded.
NOTES
[1] Carnival does not, of course, concede that these allegations are true. Carnival recognizes, however, that for purposes of considering a motion to dismiss for failure to state a cause of action, Carnival must assume that the allegations are true.
[2] Although not clearly stated in the complaint, the parties agree that Carnival has its principal place of business in Dade County, Florida.
[3] We leave for another day the question whether the Florida whistle-blower statute could be applied to a retaliatory discharge for refusal to disobey a safety regulation. Compare Walsh v. Arrow Air, Inc., 629 So.2d 144, 145-49 (Fla. 3d DCA 1993), quashed on other grounds, 645 So.2d 422, 425 (Fla. 1994) with Meaige v. Hartley Marine Corp., 925 F.2d at 702-03.
[4] Although not set forth in the second amended complaint, the parties agree that the ship here involved, the Carnival, is a Panamanian flag vessel. Carnival argues that the decision in McCulloch v. Sociedad Nacional de Marineros de Honduras, 372 U.S. 10, 83 S.Ct. 671, 9 L.Ed.2d 547 (1963), precludes application of the Florida whistle-blower statute to a foreign flag vessel. We disagree. McCulloch was a case of statutory construction of the National Labor Relations Act, and has no bearing on the controversy now before us.
[5] The statutory numbering system is described in the preface to each volume of the 1993 Florida Statutes, page vii. The subdivisions of the Florida Statutes are chapter, section, subsection, paragraph, and subparagraph. Id. The subdivisions relevant here are:
 Chapter 448
 Section 448.102
 Subsection 448.102(1).