683 So.2d 180 (1996)
POTOMAC SYSTEMS ENGINEERING, INC., a Virginia Corporation, Appellant/Cross-Appellee,
v.
Philip A. DEERING, Individually, Appellee/Cross-Appellant.
No. 95-02365.
District Court of Appeal of Florida, Second District.
November 15, 1996.
Douglas J. Titus, Jr. and Deborah R. Jordan of George & Titus, P.A., Tampa, for Appellant/Cross-Appellee.
John S. McAvoy, Clearwater, for Appellee/Cross-Appellant.
SCHOONOVER, Acting Chief Judge.
Potomac Systems Engineering, Inc., a Virginia corporation (PSE), challenges a final judgment entered against it pursuant to a jury verdict in a damages claim for wrongful termination filed by Philip A. Deering. Mr. Deering has filed a cross-appeal challenging the summary judgment entered against him on that count of his amended complaint which sought to recover damages from PSE on the basis of certain misrepresentations made to him. We find that the court properly entered the summary judgment and, accordingly, affirm it without any detailed discussion. We agree, however, with PSE's contention that a final judgment should have been entered in its favor on Mr. Deering's claim for wrongful termination, and reverse and remand for the entry of such a judgment.
This action arose out of Mr. Deering's employment with PSE. PSE, a contractor in the business of providing defense contracting services to various branches of the U.S. government, employed Mr. Deering as deputy director of Florida operations. PSE discharged him a month after he was hired. Mr. Deering then filed a complaint, which he later amended, against PSE. Count I of the amended complaint alleged that Mr. *181 Deering was induced into entering into an oral employment contract because of certain misrepresentations made to him by PSE. As mentioned above, the trial court entered a summary judgment against Mr. Deering on this portion of his action.
The action proceeded on count II of the amended complaint which alleged that PSE terminated Mr. Deering in violation of section 448.102, Florida Statutes (1991). The complaint alleged that while working for PSE, Mr. Deering "discovered acts of mischarging, misreporting, and the unauthorized use of government equipment in violation of Federal law." The complaint went on to allege that when Mr. Deering refused to participate in such activities, policies, or practices of PSE and took affirmative steps to stop said practices, PSE retaliated against him by wrongfully terminating him in violation of section 448.102.
PSE denied Mr. Deering's allegations and took the position that he was terminated because he made certain statements about the government's liaison officer which jeopardized the company's relationship with the government. PSE also contended that Mr. Deering could not prevail in his action because PSE was not given written notice of any alleged illegal activity pursuant to section 448.103(1)(c), Florida Statutes (1991). PSE's motions to dismiss, for summary judgment, and for a directed verdict based upon the written notice requirement were all denied.
The action proceeded to a jury trial which resulted in a verdict and a final judgment for Mr. Deering. PSE filed a timely notice of appeal.
Mr. Deering brought this action pursuant to Florida's private sector whistle-blower's act. §§ 448.101-.105, Fla.Stat. (1991). Section 448.102 of the act, entitled Prohibitions, provides:
An employer may not take any retaliatory personnel action against an employee because the employee has:
(1) Disclosed, or threatened to disclose, to any appropriate governmental agency, under oath, in writing, an activity, policy, or practice of the employer that is in violation of a law, rule, or regulation. However, this subsection does not apply unless the employee has, in writing, brought the activity, policy, or practice to the attention of a supervisor or the employer and has afforded the employer a reasonable opportunity to correct the activity, policy, or practice.
(2) Provided information to, or testified before, any appropriate governmental agency, person, or entity conducting an investigation, hearing, or inquiry into an alleged violation of a law, rule, or regulation by the employer.
(3) Objected to, or refused to participate in, any activity, policy, or practice of the employer which is in violation of a law, rule, or regulation.
Section 448.103(1)(a) provides a civil cause of action to employees who have been the object of a retaliatory personnel action, but only if proper notice is given. Section 448.103(1)(c) provides:
An employee may not recover in any action brought pursuant to this subsection if he failed to notify the employer about the illegal activity, policy, or practice as required by s. 448.102(1) or if the retaliatory personnel action was predicated upon a ground other than the employee's exercise of a right protected by this act.
PSE contends that these two sections of the whistle-blower's act do not afford a cause of action to Mr. Deering because he did not provide his employer with written notice. Mr. Deering, on the other hand, contends that the trial court properly interpreted these two sections and that an employee's cause of action does not depend upon written notice when an employee, as in this case, objects to, or refuses to participate in, any activity, policy, or practice of the employer which is in violation of a law, rule, or regulation, and is claiming protection pursuant to section 448.102(3) and not pursuant to section 448.102(1). If we were to accept this position, because section 448.102(1) already requires written notice, we would be finding that portion of section 448.103(1)(c) which requires written notice has no meaning. We decline to do this and agree with PSE's contention.
*182 We recognize that our decision in this case conflicts with our sister court's holding in Baiton v. Carnival Cruise Lines, Inc., 661 So.2d 313 (Fla. 3d DCA 1995). In Baiton, the Third District held that where an employee asserts a violation of section 448.102(1), he must give proper written notice to the supervisor or employer, and that he may not recover unless he does. We agree with this holding. The court, however, also held that the written notice requirement only applies to section 448.102(1) and that there is no comparable written notice requirement for a claim made under section 448.102(2) or, as in this case, under section 448.102(3). We disagree with the court's conclusion.
In Martin v. Honeywell, Inc., No. 95-234-CIV-T-24(A), 1995 WL 868604 (M.D. Fla. filed July 18, 1995), the court held that section 448.103(1)(c) and section 448.102 must be read together. The court found that the plain language of the act imposes a written notice and opportunity to cure requirement as an element of proof in every private sector whistle-blower claim because section 448.103(1)(c) incorporates the notice provision set forth in section 448.102(1). Since Mr. Martin had alleged a violation of section 448.102(3) but had not alleged written notice to the employer, the court dismissed his claim filed under the Florida whistle-blower's act for failure to state a claim upon which relief could be granted. We agree with the conclusion reached by the district court in the unreported decision in Martin and reach the same conclusion in this case.
Section 448.103(1) affords a remedy to employees who have been retaliated against for actions they have taken pursuant to either section 448.102(1), 448.102(2), or 448.102(3). This remedy is only available, however, if the employee has complied with section 448.103(1)(c). We read section 448.103(1)(c) to provide that an employee may not recover in any action brought pursuant to section 448.103(1) if he fails to notify the employer about the illegal activity, policy, or practice as required by section 448.102(1), i.e. in writing, bringing the activity, policy, or practice to the attention of a supervisor or the employer and affording the employer a reasonable opportunity to correct the activity, policy, or practice.
Although we recognize that the whistle-blower's act is designed to encourage employees to report certain violations without fear of reprisal, we do not believe it is unduly burdensome to require employees to notify their employer of their complaint in writing before being entitled to the civil remedies provided by the act. The requirement promotes the purpose of the act by affording the employer the first opportunity to correct a violation. This allows the employer to avoid, among other things, unnecessary harm to its reputation, the burden of undergoing an investigation and preparation for a hearing or trial. See Appeal of Bio Energy Corp., 135 N.H. 517, 607 A.2d 606 (N.H.1992).
We, accordingly, reverse and remand for the entry of a judgment in favor of PSE and certify conflict with Baiton.
Reversed and remanded with instructions.
FRANK and QUINCE, JJ., concur.