739 So.2d 627 (1999)
Linda JUDD, Appellant,
v.
ENGLEWOOD COMMUNITY HOSPITAL, a Florida corporation, and Columbia/HCA Healthcare Corp., a Delaware corporation authorized to do business in the State of Florida, Appellees.
No. 98-03141.
District Court of Appeal of Florida, Second District.
June 4, 1999.
Rehearing Denied August 4, 1999.
*628 Gary M. Glassman of Glassman & Golden Norris, Sarasota, for Appellant.
John E. Johnson and David J. Rice of Trenam, Kemker, Scharf, Barkin, Frye, O'Neill & Mullis, P.A., Tampa, for Appellees.
PER CURIAM.
Linda Judd appeals the adverse summary judgment in her whistle blower claim against her former employers, which was based on section 448.102(3), Florida Statutes (1995). Judd admits she did not provide written notice to her employer regarding the activities to which she objected but contends that written notice is not required by section 448.102(3). We affirm because this court has previously decided this issue contrary to Judd's position. See Potomac Sys. Eng'g, Inc. v. Deering, 683 So.2d 180 (Fla. 2d DCA 1996) (holding that statutory presuit notice requirement applies to claims brought under all three subsections of the act). We also recognize that our decision in Potomac conflicts with decisions from the Third and Fifth Districts, which have held that the written notice requirement applies only to claims brought under section 448.102(1). Jenkins v. Golf Channel, 714 So.2d 558 (Fla. 5th DCA 1998), review granted, 728 So.2d 202 (Fla.1998); Baiton v. Carnival Cruise Lines, Inc., 661 So.2d 313 (Fla. 3d DCA 1995).
Accordingly, we affirm the summary judgment and certify conflict.
PATTERSON, A.C.J., and SALCINES, J., Concur.
BLUE, J., Concurs specially.
BLUE, Judge, Specially Concurring.
I concur because I am required to do so by the prior opinion of this court. There is no question that some ambiguity exists between sections 448.102 and 448.103 concerning the necessity of written notice for a whistle blower claim. However, I am persuaded by the Jenkins, 714 So.2d 558, and Baiton, 661 So.2d 313, decisions that this court's interpretation of the statute in Potomac, 683 So.2d 180, is incorrect. In particular I agree with the following analysis that appears in the Fifth District's opinion:
The Whistle Blower's Act is remedial in nature and so should be liberally construed. The purpose of the Whistle Blower's Act is to protect private employees who report or refuse to assist employers who violate laws enacted to protect the public. Requiring written notice and an opportunity to cure would seem to frustrate the intent of the Legislature in many circumstances. For example, under subsection 448.102(2), the employee may not be allowed to give notice if called to testify before a "closed door" investigation. Under subsection 448.102(3), the employee has already objected or refused to participate in alleged illegal activities so written notice to the employer to cure would be superfluous. Furthermore, consider an employee who is terminated on the spot by his supervisor for refusing to dump hazardous waste in a waterway. No opportunity is reasonably available to deliver the so-called required written notice in such a case.
Jenkins, 714 So.2d at 563 (citations omitted).
If it is the intent of the Whistle Blower's Act to protect employees, that intent is greatly compromised by this court's interpretation. Were I allowed, I would adopt the reasoning of Baiton and Jenkins.