745 So.2d 991 (1999)
William McEOWEN, Appellant,
v.
JONES CHEMICAL, INC., Appellee.
No. 98-04392.
District Court of Appeal of Florida, Second District.
September 8, 1999.
Roger L. Young of the Law Offices of Roger L. Young, P. A., Sarasota, for Appellant.
William C. Guerrant, Jr., of Hill, Ward & Henderson, P. A., Tampa, for Appellee.
STRINGER, Judge.
William McEowen challenges a summary judgment entered in favor of his former employer, Jones Chemical, Inc., on his counter-claim for wrongful termination under Florida's whistle-blower statute, sections 448.101-.105, Florida Statutes (1997). McEowen contends that the notice requirement of subsection 448.102(1) does not apply to actions brought pursuant to subsection 448.102(3), and thus, he was not required to provide written notice to his employer prior to filing suit. Alternatively, McEowen contends that the two memoranda that he sent to his supervisor, prior to his termination, satisfied the notice requirement of subsection 448.103(1)(c). We disagree on both points.
The whistle-blower statute provides, in part:
448.102 Prohibitions.-An employer may not take any retaliatory personnel action against an employee because the employee has:
(1) Disclosed, or threatened to disclose, to any appropriate governmental agency, under oath, in writing, an activity, *992 policy, or practice of the employer that is in violation of a law, rule, or regulation. However, this subsection does not apply unless the employee has, in writing, brought the activity, policy, or practice to the attention of a supervisor or the employer and has afforded the employer a reasonable opportunity to correct the activity, policy, or practice.
(2) Provided information to, or testified before, any appropriate governmental agency, person, or entity conducting an investigation, hearing, or inquiry into an alleged violation of a law, rule, or regulation by the employer.
(3) Objected to, or refused to participate in, any activity, policy, or practice of the employer which is in violation of a law, rule, or regulation.
448.103 Employee's remedy; relief.-
(1) ...
. . . .
(c) An employee may not recover in any action brought pursuant to this subsection if he or she failed to notify the employer about the illegal activity, policy, or practice as required by s. 448.102(1). ...
§§ 448.102-.103(1)(c). This court has interpreted subsection 448.103(1)(c) to mean that the notice requirement of subsection 448.102(1) applies to all three subsections of section 448.102. See Potomac Sys. Eng'g, Inc. v. Deering, 683 So.2d 180 (Fla. 2d DCA 1996). Two of our sister courts have reached the opposite conclusion concerning this issue.[1]See Baiton v. Carnival Cruise Lines, Inc., 661 So.2d 313 (Fla. 3d DCA 1995) (holding that there is no written notice requirement for claims under subsection 448.102(2) and 448.102(3)); Jenkins v. The Golf Channel, 714 So.2d 558 (Fla. 5th DCA 1998) (holding that the written notice and opportunity to cure preconditions only apply to subsection 448.102(1)), review granted, 728 So.2d 202 (Fla.1998). We reaffirm this court's interpretation of subsection 448.103(1)(c) and certify conflict with the third and fifth districts. See Potomac Sys. Eng'g, Inc., 683 So.2d at 182. Accordingly, McEowen was required to provide his employer with written notice of the alleged illegal activity and afford his employer a reasonable opportunity to correct the activity prior to filing suit.
Additionally, the two memoranda that McEowen asserts satisfy the notice requirement of subsection 448.103(1)(c) fail to disclose any illegal activity, policy, or practice of Jones Chemical, Inc. Thus, the memoranda are insufficient to satisfy the notice requirement under subsection 448.103(1)(c). See § 448.103(1)(c); see also Schultz v. Tampa Elec. Co., 704 So.2d 605 (Fla. 2d DCA 1997) (affirming a dismissal of a complaint where plaintiffs memorandum failed to sufficiently state the illegal activity of the employer).
We, accordingly, affirm the summary judgment in favor of Jones Chemical, Inc., and we certify conflict with the Third District's decision in Baiton, 661 So.2d 313 and the Fifth District's decision in Jenkins, 714 So.2d 558.
Affirmed.
CAMPBELL, A.C.J., and FULMER, J., Concur.
NOTES
[1] On February 3, 1999, the Supreme Court of Florida heard the appeal from the Fifth District Court of Appeal's decision in Jenkins v. The Golf Channel, 714 So.2d 558 (Fla. 5th DCA 1998), review granted, 728 So.2d 202 (Fla.1998). As of the date we decide this appeal, the supreme court has not rendered an opinion in Jenkins.