752 So.2d 561 (2000)
The GOLF CHANNEL, etc., Petitioner,
v.
Martin JENKINS, Respondent.
No. SC93426.
Supreme Court of Florida.
January 13, 2000.
Rehearing Denied March 13, 2000.
*562 Donald C. Works, III, Anthony J. Hall, Catherine Branning Rodriguez, Jackson, Lewis, Schnitzler & Krupman, Orlando, Florida, for petitioner.
Keith R. Mitnik of Morgan, Colling & Gilbert, P.A., Orlando, Florida, for respondent.
Alexander D. del Russo, Levy, Kneen, Mariani, Curtin, Kornfeld & del Russo, P.A., West Palm Beach, Florida, for Columbia Palms West Hospital, Limited Partnership, amicus curiae.
Richard E. Johnson, Tallahassee, Florida, Catherine A. Kyres, St. Petersburg, Florida, for the Florida Chapter of the National Employment Lawyers Association, amicus curiae.
PARIENTE, J.
We have for review the opinion in Jenkins v. Golf Channel, 714 So.2d 558 (Fla. 5th DCA 1998), which certified conflict with the opinion in Potomac Systems Engineering, Inc. v. Deering, 683 So.2d 180 (Fla. 2d DCA 1996), regarding the interpretation of the notice provisions found in sections 448.102 and 448.103, Florida Statutes (1995), part of the Whistle-Blower Act. We have jurisdiction. See art. V, § 3(b)(4), Fla. Const.
Sections 448.101-.105, Florida Statutes (1995), commonly known as the Whistle-Blower Act, are remedial statutes designed "to protect private employees who report or refuse to assist employers who violate laws enacted to protect the public." Arrow Air, Inc. v. Walsh, 645 So.2d 422, 424 (Fla.1994). The Act provides employees with a cause of action against private sector employers who take certain types of retaliatory personnel action.[1]See § 448.102-.103. Section 448.102 prohibits employers from taking three types of retaliatory personnel action:
An employer may not take any retaliatory personnel action against an employee because the employee has:
(1) Disclosed, or threatened to disclose, to any appropriate governmental agency, under oath, in writing, an activity, policy, or practice of the employer that is in violation of a law, rule, or regulation. However, this subsection does not apply unless the employee has, in writing, brought the activity, policy, or practice to the attention of a supervisor or the employer and has afforded the employer a reasonable opportunity to correct the activity, policy, or practice.

(2) Provided information to, or testified before, any appropriate governmental agency, person, or entity conducting an investigation, hearing, or inquiry into an alleged violation of a law, rule, or regulation by the employer.
(3) Objected to, or refused to participate in, any activity, policy, or practice of the employer which is in violation of a law, rule, or regulation.
§ 448.102(1)-(3) (emphasis supplied).
The next section, section 448.103, entitled "[e]mployee's remedy; relief," provides a cause of action for employees whose employer takes prohibited retaliatory personnel action. This section sets forth the procedural requirements for obtaining relief:
(1)(a) An employee who has been the object of a retaliatory personnel action in violation of this act may institute a civil action in a court of competent jurisdiction for relief as set forth in subsection (2) within 2 years after discovering that the alleged retaliatory personnel action was taken, or within 4 years after *563 the personnel action was taken, whichever is earlier.
(b) Any civil action authorized under this section may be brought in the county in which the alleged retaliatory personnel action occurred, in which the complainant resides, or in which the employer has its principal place of business.
(c) An employee may not recover in any action brought pursuant to this subsection if he failed to notify the employer about the illegal activity, policy, or practice as required by s. 448.102(1) or if the retaliatory personnel action was predicated upon a ground other than the employee's exercise of a right protected by this act.
§ 448.103(1) (emphasis supplied). The issue in this case is whether employees whose whistle-blower claims are based on retaliatory personnel action prohibited by subsections 448.102(2) and (3) are required by section 448.103 to give their employers written notice as a prerequisite to maintaining a cause of action for retaliatory personnel action.

BACKGROUND
Martin Jenkins brought a whistle-blower claim under section 448.103 against his employer, The Golf Channel, Inc. ("Golf Channel"). Jenkins alleged that he had been fired in violation of subsection 448.102(3), for objecting to other employees' unlawful acts and reporting them to his supervisors. Specifically, Jenkins' complaint alleged that he "objected to and reported" the following acts: (1) the Vice President of Production had masturbated in front of two female clerical employees; (2) employees committed fraud on vendors by pretending to film their products in order to receive free equipment; (3) an employee wrote scripts that were plagiarized; and (4) employees falsified budget reports. Jenkins further alleged that he verbally reported these incidents to his supervisors and "wanted to" file a written report concerning the sexual harassment, but his immediate supervisor instructed him not to do so.
The trial court dismissed Jenkins' complaint for failing to state a cause of action because Jenkins had not first provided his employer with written notice of his objections to the activities as required by section 448.103(1)(c). The Fifth District reversed, holding that the written notice requirement of that subsection applies only to claims based on the employer's retaliation for the employee's public disclosure of the unlawful activity prohibited by subsection 448.102(1). See Jenkins, 714 So.2d at 563. In so holding, Jenkins certified conflict with Potomac Systems.

ANALYSIS
In this case, we are asked to resolve a split among the district courts of appeal regarding whether Florida's private sector Whistle-Blower Act requires plaintiffs to give their employers written notice of the unlawful activity and an opportunity to cure the unlawful activity prior to bringing a whistle-blower claim based on subsections 448.102(2) or (3). Both the Fifth and Third Districts agree that the written notice and opportunity to cure provisions of subsections 448.102(1) and 448.103(1)(c) apply only to claims that the employee suffered retaliatory personnel action for the disclosure of the employer's unlawful activities as prohibited by subsection 448.102(1). See Jenkins, 714 So.2d at 563; Baiton v. Carnival Cruise Lines, Inc., 661 So.2d 313 (Fla. 3d DCA 1995).[2] In contrast, the Second District has concluded that the written notice requirement applies to all claims brought under the Whistle-Blower Act, whether based on subsection 448.102(1), (2), or (3). See McEowen v. Jones Chem., Inc., 745 So.2d 991 (Fla. 2d DCA 1999); Judd v. Englewood Community Hosp., 739 So.2d 627 (Fla. 2d DCA *564 1999); Potomac Systems, 683 So.2d at 182. But see Judd, 739 So.2d at 628 (Blue, J., specially concurring) (agreeing with the interpretation of the Third and Fifth Districts).
Golf Channel contends that the statute is plain and unambiguous, and therefore, there is no need for judicial interpretation. Of course, "[i]t is a fundamental principle of statutory construction that where a statute is plain and unambiguous there is no occasion for judicial interpretation." Forsythe v. Longboat Key Beach Erosion Control Dist., 604 So.2d 452, 454 (Fla.1992). However, we agree with Jenkins that statutory construction is required because although the written notice requirement of subsection 448.102(1) is clear and unambiguous, subsection 448.103(1)(c) creates an ambiguity requiring statutory construction as to whether that written notice requirement extends to all whistle-blower claims.
The first principle of statutory construction is that legislative intent must be determined primarily from the language of the statute. See McLaughlin v. State, 721 So.2d 1170, 1172 (Fla.1998); St. Petersburg Bank & Trust Co. v. Hamm, 414 So.2d 1071, 1073 (Fla.1982). The preface to Florida Statutes provides that "a cross-reference to a specific statute incorporates the language of the referenced statute as it existed at the time the reference was enacted." Preface at VIII, Fla.Stat. (1995); see Van Pelt v. Hilliard, 75 Fla. 792, 808-09, 78 So. 693, 698 (1918). We have also stated that related statutory provisions should be read together to determine legislative intent, so that "if from a view of the whole law, or from other laws in pari materia the evident intent is different from the literal import of the terms employed to express it in a particular part of the law, that intent should prevail, for that, in fact is the will of the Legislature." Forsythe, 604 So.2d at 454 (quoting Van Pelt, 75 Fla. at 799, 78 So. at 695).
Sections 448.102 and 448.103 are closely related. Section 448.102 sets forth the types of retaliatory personnel action that are prohibited by the Act, and section 448.103 provides the remedy to compensate employees if their employers take prohibited retaliatory personnel action. In fact, subsection 448.103(1)(c) specifically incorporates the written notice provision of subsection 448.102(1). Further, these sections were enacted as part of the same session law. See ch. 91-285, Laws of Fla.; see also § 1.04, Fla.Stat. (1995) ("Acts passed during the same legislative session and amending the same statutory provision are in pari materia, and full effect should be given to each, if that is possible."). Thus, sections 448.102 and 448.103 should be construed together "so that they illuminate each other and are harmonized." McGhee v. Volusia County, 679 So.2d 729, 730 n. 1 (Fla.1996).
Section 448.102 provides that employers are prohibited from taking retaliatory personnel action against employees on the basis of three distinct types of activities. Subsection 448.102(1) protects employees from retaliatory personnel action on the basis of disclosure of an "activity, policy, or practice of the employer that is in violation of a law, rule, or regulation" (disclosure claims). Subsection 448.102(2) prohibits retaliation based on an employee's assistance with an on-going "investigation, hearing, or inquiry into an alleged violation of a law, rule, or regulation by the employer" (assistance claims). Finally, subsection 448.102(3) prohibits the employer from taking retaliatory action on the basis of an employee's objection to or refusal to participate in "any activity, policy, or practice of the employer which is in violation of a law, rule, or regulation" (objection claims).
The only written notice requirement in section 448.102 is found in the subsection protecting employees from retaliatory personnel action based on the disclosure of the employer's unlawful activity. See *565 § 448.102(1). This written notice requirement provides:

[T]his subsection does not apply unless the employee has, in writing, brought the activity, policy, or practice to the attention of a supervisor or the employer and has afforded the employer a reasonable opportunity to correct the activity, policy, or practice.

Id. (emphasis supplied). By using the express language "this subsection," the plain language of this provision provides that the written notice and reasonable opportunity to correct requirements apply only to claims brought pursuant to subsection 448.102(1), based on retaliation for the employee's disclosure of unlawful activity. See Preface at vii, Fla.Stat. (1995) (explaining hierarchical numbering system found in the statutes);[3]Baiton, 661 So.2d at 317 n. 5. Thus, by its clear and unambiguous terms, the written notice requirement found in subsection 448.102(1) does not apply to those claims brought pursuant to subsections 448.102(2) or (3).
While the language of section 448.102 plainly differentiates between three different types of prohibited employer conduct and requires written notice only with regard to disclosure claims, subsection 448.103(1)(c) creates an ambiguity as to whether the Legislature intended to extend that written notice requirement to assistance and objection claims. This subsection expressly incorporates the written notice requirement of subsection 448.102(1) by stating that "[a]n employee may not recover in any action brought pursuant to this subsection if he failed to notify the employer about the illegal activity, policy, or practice as required by s. 448.102(1)...." (Emphasis supplied.)
The interpretation given by the Second District in Potomac Systems is that subsection 448.103(1)(c) incorporates the written notice requirement of subsection 448.102(1) to apply to "any action" brought pursuant to subsection 448.103(1), regardless of whether the claim is based on a violation of subsection 448.102(1), (2), or (3). See Potomac Systems, 683 So.2d at 182. The problem with this interpretation is that it would make meaningless the explicit distinction in section 448.102, which requires written notice and an opportunity to cure only for disclosure claims. "It is a cardinal rule of statutory interpretation that courts should avoid readings that render part of a statute meaningless." Forsythe, 604 So.2d at 456. Further, if the Legislature had in fact intended a written notice provision as a prerequisite for all claims pursuant to section 448.102, it could have clearly and expressly stated that intention within subsection 448.103(1)(c), without referring back to the specifically tailored notice requirement of subsection 448.102(1).
On the other hand, the interpretation given by the Fifth District in Jenkins and the Third District in Baiton is consistent with the actual language employed in the Act, the remedial purpose of the act and the purpose of the written notice requirement. Subsection 448.102(1) unambiguously provides for the written notice requirement only as to claims based on "this subsection," and similar notice language is expressly excluded from subsections (2) and (3). By referring back to the limited written notice requirement in subsection 448.102(1), the phrase "any action" in subsection 448.103(1)(c) thus refers only to actions brought pursuant to subsection 448.102(1). See Jenkins, 714 So.2d at 563; Baiton, 661 So.2d at 316. This interpretation harmonizes these sections by construing them in pari materia and giving effect to the language of both. See Forsythe, 604 So.2d at 454.
This interpretation also comports with the principle of statutory construction that remedial statutes should be liberally *566 construed in favor of granting access to the remedy provided by the Legislature. See Arrow Air, 645 So.2d at 424; Martin County v. Edenfield, 609 So.2d 27, 29 (Fla. 1992).[4] Further, statutory limitations on remedial statutes should be narrowly construed. See Samara Dev. Corp. v. Marlow, 556 So.2d 1097, 1100 (Fla.1990); Farley v. Collins, 146 So.2d 366, 368 (Fla. 1962). Thus, under these established principles of statutory construction, any ambiguities in paragraph 448.103(1)(c) should be liberally construed in favor of granting access to the remedy provided by the Legislature.
The notice requirement in subsection 448.102(1) is unique in that it requires both written notice and a reasonable opportunity to cure the unlawful activity. Unlike other statutes providing for presuit notice that require the plaintiff give the defendant written notice prior to filing suit,[5] subsection 448.102(1) also mandates that the employee give the employer a reasonable opportunity to cure the unlawful activity. Thus, it is reasonable to construe the written notice requirement in subsection 448.102(1) as requiring the employee to provide the employer with written notice of the unlawful activity before the whistle is blown.[6]
Under the Second District's construction, in situations where the employee could not give written notice prior to objecting to unlawful activity or assisting with an investigation, the employee would be without a legal remedy under the Act. As the Fifth District hypothesized in this case, in the context of assistance claims an employee may not be allowed to give the employer notice before being called to testify before a "closed door" investigation. See Jenkins, 714 So.2d at 563. Under Golf Channel's interpretation, if the employer later retaliated because of the employee's testimony, the employee's whistle-blower *567 suit pursuant to subsection 448.102(2) would be barred because the employee had been unable to give the employer written notice prior to providing assistance with an ongoing investigation.
As with assistance claims, when a whistle-blower claim is based on retaliation for the employee's objection or refusal to participate in unlawful activity pursuant to subsection 448.102(3), requiring the employee to give written notice prior to making the objection would be inconsistent with the remedial purpose of the Act. As the Fifth District reasoned in this case:
[C]onsider an employee who is terminated on the spot by his supervisor for refusing to dump hazardous waste in a waterway. No opportunity is reasonably available to deliver the so-called required written notice in such a case. If the legislature, for some reason, meant to require the employee to protest the termination after the fact with a written notice addressed generally to the employer, it has missed the mark with the confusing language of this statute.
Jenkins, 714 So.2d at 563. We thus conclude that in accordance with established canons of construction, the ambiguities in this statute must be liberally construed in favor of granting access to the remedy provided by the Legislature in those cases where the employer engaged in retaliatory personnel action prohibited by subsections 448.102(2) and (3).
In addition to not furthering the remedial purpose of the act, the reasons supporting the written notice requirement in public disclosure claims are not present in objection and assistance claims. In the context of a subsection 448.102(1) public disclosure claim, a requirement that the employee, prior to disclosure, must first give the employer written notice and an opportunity to cure serves valid purposes consistent with the Act. This requirement gives the employer the first opportunity to correct the illegal practice and avoid potential harm to the business from a public disclosure of the practice. See Appeal of Bio Energy Corp., 135 N.H. 517, 607 A.2d 606 (1992) (construing a whistle-blower statute in New Hampshire that required written or verbal notice to the employer prior to disclosing the unlawful activity to a third party).
In contrast, an interpretation of subsection 448.103(1)(c) that would require employees to give their employers written notice prior to assisting with an ongoing investigation or before objecting to an unlawful activity would not serve the purposes supporting the written notice requirement in the disclosure context. In assistance claims brought pursuant to subsection 448.102(2), an investigation is already ongoing through no action of the employee. At this late stage, written notice prior to the employee's assistance with an investigation would not give the employer an opportunity to avoid harm to the business by curing the unlawful activity. Thus, requiring written notice prior to assisting with an investigation would not serve the same purposes as are served in the disclosure context.
As with assistance claims, requiring written notice as a prerequisite to an objection claim also does not serve the purposes of the written notice requirement that are present in the disclosure context. The employee's objection or refusal to participate itself serves as notice that gives the employer an opportunity to cure the illegal situation. While the Legislature could have decided that both notice and an opportunity to cure were always required, even where it would serve no useful purpose, in our view this is not the legislative intent as expressed through the language of the Act. Further, while the Legislature could have incorporated a typical presuit notice provision, it did not do so here.
Considering the language of the Act by reading the statute as a whole, the remedial purpose of the Act and the purpose of the written notice requirement, we construe the requirement that employees give *568 their employers written notice as applying only to disclosure claims brought pursuant to subsection 448.102(1), based on retaliation for the employee's disclosure of unlawful activity. Because subsection 448.103(1)(c) incorporates the limited notice provision of subsection 448.102(1), this requirement does not apply to assistance claims brought pursuant to subsection 448.102(2) based on retaliation for the employee's assistance in an ongoing investigation or to objection claims brought pursuant to subsection 448.102(3) based on the employee's objection to the unlawful activity of the employer.
In this case, Jenkins' whistle-blower action consisted of objection claims based on retaliatory personnel action in violation of subsection 448.102(3). Jenkins did not bring a disclosure claim based on a violation of subsection 448.102(1). Accordingly, he was not required to give written notice to his employer as a prerequisite to filing his lawsuit. For these reasons, we approve the district court's decision in this case and Baiton and disapprove McEowen, Potomac Systems and Judd. We remand this case to the district court for further proceedings consistent with this opinion.
It is so ordered.
HARDING, C.J., and SHAW, WELLS, ANSTEAD and LEWIS, JJ., concur.
QUINCE, J., dissents with an opinion.
QUINCE, J., dissenting.
I disagree with the majority's resolution of this case because I am concerned that their interpretation of section 448.103(1)(c) has rendered meaningless the language "may not recover in any action brought pursuant to this subsection." The majority opines that the "any action" language refers to any action brought pursuant to section 448.102(1). However, this interpretation ignores the "pursuant to this subsection" portion of the sentence. This subsection is section 448.103(1), and is applicable to all causes of action, whether the action is for retaliation based on 448.102(1), (2) or (3). As the majority points out, therein lies the ambiguity.
As the Second District pointed out in Potomac Systems Engineering, Inc. v. Deering, 683 So.2d 180 (Fla. 2d DCA 1996), an interpretation of the statutes which requires notice to be given only when an action is brought pursuant to section 448.102(1) renders meaningless the language of section 448.103(1)(c). As the Second District said:
Section 448.103(1)(a) provides a civil cause of action to employees who have been the object of a retaliatory personnel action, but only if proper notice is given. Section 448.103(1)(c) provides:
An employee may not recover in any action brought pursuant to this subsection if he failed to notify the employer about the illegal activity, policy, or practice as required by s. 448.102(1) or if the retaliatory personnel action was predicated upon a ground other than the employee's exercise of a right protected by this act.
PSE contends that these two sections of the whistle-blower's act do not afford a cause of action to Mr. Deering because he did not provide his employer with written notice. Mr. Deering, on the other hand, contends that the trial court properly interpreted these two sections and that an employee's cause of action does not depend upon written notice when an employee, as in this case, objects to, or refuses to participate in, any activity, policy, or practice of the employer which is in violation of a law, rule, or regulation, and is claiming protection pursuant to section 448.102(3) and not pursuant to section 448.102(1). If we were to accept this position, because section 448.102(1) already requires written notice, we would be finding that portion of section 448.103(1)(c) which requires written notice has no meaning. We decline to do this and agree with PSE's contention.
Potomac Systems, 683 So.2d at 181.
The majority opines written notice would be impractical prior to engaging in *569 the activities described in subsections 448.102(2) and (3). However, nothing would prevent the employee from giving notice after testifying, etc., or after refusing to participate in the activity. The employer would have a belated opportunity to cure.
I believe that section 448.103(1)(c) makes the notice requirement applicable to all subsections of section 448.102.
NOTES
[1] "Retaliatory personnel action" is defined as "the discharge, suspension, or demotion by an employer of an employee or any other adverse employment action taken by an employer against an employee in the terms and conditions of employment." § 448.101(5), Fla. Stat. (1995).
[2] See also Park v. First Union Brokerage Servs., 926 F.Supp. 1085 (M.D.Fla.1996) (following Baiton v. Carnival Cruise Lines, Inc., 661 So.2d 313 (Fla. 3d DCA 1995), before the split in the district courts arose).
[3] The preface to the Florida Statutes explains that the subdivisions are chapter, section, subsection, paragraph, and subparagraph. Preface at vii, Fla.Stat. (1995). Thus, the relevant subdivisions here are chapter 448, section 448.102, and subsection 448.102(1).
[4] We recognize that there is a tension between the canon of construction that statutes creating a remedy should be liberally construed in favor of granting access to the legislatively provided remedy, see Martin County v. Edenfield, 609 So.2d 27, 29 (Fla.1992), and the canon of construction that statutes in derogation of a common law right should be narrowly construed, see, e.g., Carlile v. Game & Fresh Water Fish Comm'n, 354 So.2d 362, 364 (Fla.1977). However, we reject Golf Channel's argument that the Act should be narrowly construed because it is in derogation of a common law right because we have previously resolved this tension in favor of liberally construing a remedial statute to ensure access to the remedy provided by the Legislature. See Farley v. Collins, 146 So.2d 366, 368 (Fla.1962); Klepper v. Breslin, 83 So.2d 587, 592 (Fla.1955). Moreover, we have previously found the private sector Whistle-Blower Act to be a remedial statute that should be liberally construed. See Arrow Air, Inc. v. Walsh, 645 So.2d 422, 424 (Fla.1994).
[5] The Legislature has often included notice provisions as conditions precedent to bringing lawsuits in other statutes providing civil remedies. See, e.g., § 173.04(1), Fla. Stat. (1997) (foreclosure on a mortgage) ("At least thirty days prior to the filing of any such bill in chancery, written notice of intention to file the same shall be sent by registered mail...."); § 624.155(2)(a) (civil remedy against insurer) ("As a condition precedent to bringing an action under this section, the department and the insurer must have been given 60 days' written notice of the violation."); § 766.106(3)(a) (medical malpractice) ("No suit may be filed for a period of 90 days after notice is mailed to any prospective defendant.").
[6] In its initial and reply briefs, Golf Channel asserted that there would be instances of on-the-spot discharges where an employee would be left without a remedy because the employee had been unable to give written notice to the employer prior to objecting to an unlawful activity or assisting with an ongoing investigation. However, during oral argument, Golf Channel also posited for the first time that because subsection 448.103(1)(c) extends only the written notice requirement as a prerequisite to assistance and objection claims, and not the opportunity to cure requirement, the employers could be given written notice after the retaliatory action was taken. At least two of the appellate courts addressing this issue have assumed that if subsection 448.102(1) were extended to assistance and objection claims, the written notice would still be required to be given prior to the whistle-blowing activity. See Jenkins v. Golf Channel, 714 So.2d 558, 563 (Fla. 5th DCA 1998); Potomac Systems Engineering, Inc. v. Deering, 683 So.2d 180, 182 (Fla. 2d DCA 1996).