PARIENTE, J.
We have for review the decision in McEowen v. Jones Chemical, Inc., 745 So.2d 991 (Fla. 2d DCA 1999), which the Second District certified to be in conflict with the opinions of the Fifth District in Jenkins v. Golf Channel, 714 So.2d 558 (Fla. 5th DCA 1998), approved, Golf Channel v. Jenkins, 752 So.2d 561 (Fla.2000), and the Third District in Baiton v. Carnival Cruise Lines, Inc., 661 So.2d 313 (Fla. 3d DCA 1995). We have jurisdiction. See art. V, § 3(b)(4), Fla. Const.
In' Golf Channel, we recently resolved this split in the district courts regarding the extent of the written notice requirement of sections 448.102 and 448.103, Florida Statutes (1995). We held that when an employee brings a whistle-blower claim pursuant to subsection 448.102(3), on the basis that the employer took prohibited retaliatory personnel action because of the employee’s objection to the employer’s unlawful activity, the employee is not required to comply with the written notice requirement of section 448.103(l)(c). See Golf Channel, 752 So.2d at 562. We also disapproved the district court’s contrary holding in McEowen. See id. Accordingly, we quash the district court’s decision and remand for proceedings consistent with our opinion in Golf Channel.
It is so ordered.
HARDING, C.J., and SHAW, WELLS, ANSTEAD and LEWIS, JJ., concur.
QUINCE, J., dissents.