760 So.2d 276 (2000)
John M. TYSON, Appellant,
v.
VIACOM, INC., a Delaware Corporation, Appellee.
No. 4D99-0517.
District Court of Appeal of Florida, Fourth District.
June 7, 2000.
Joseph C. Segor, Miami, and Chonin & Sher, P.A., Coral Gables, for appellant.
Lawrence P. Bemis, P.A., and Robert W. Pittman of Steel Hector & Davis, L.L.P., Miami, for appellee.
FARMER, J.
Viacom was subject to an injunction issued by a federal court in Oregon. Tyson was an officer-employee of Viacom.. He wrote a letter to the federal court contending that Viacom had violated the injunction. Viacom fired him. He sued Viacom in the circuit court in Fort Lauderdale, alleging that the retaliation was a violation of the Florida Whistle Blowers Act. The circuit court dismissed his suit. We affirm.
*277 The Act in question bars an employer from retaliating against an employee who has:
"(1) Disclosed, or threatened to disclose, to any appropriate governmental agency, under oath, in writing, an activity, policy, or practice of the employer that is in violation of a law, rule, or regulation. However, this subsection does not apply unless the employee has, in writing, brought the activity, policy, or practice to the attention of a supervisor or the employer and has afforded the employer a reasonable opportunity to correct the activity, policy, or practice.
"(2) Provided information to, or testified before, any appropriate governmental agency, person, or entity conducting an investigation, hearing, or inquiry into an alleged violation of a law, rule, or regulation by the employer.
"(3) Objected to, or refused to participate in, any activity, policy, or practice of the employer which is in violation of a law, rule, or regulation.
§ 448.102, Fla. Stat. (1997). Tyson's claims were based on subsections (2) and (3), and not on subsection (1).
Claims under subsections (2) and (3) are not subject to the prior notice provision contained in the second sentence of subsection (1); the notice provision is limited to claims under subsection (1). See The Golf Channel v. Jenkins, 752 So.2d 561, 565 (Fla.2000); Baiton v. Carnival Cruise Lines, Inc., 661 So.2d 313, 316-17 (Fla. 3d DCA 1995); Judd v. Englewood Community Hosp., 739 So.2d 627, 628 (Fla. 2d DCA 1999) (Blue, J., specially concurring). The complaint was not defective in failing to allege prior notice.
The complaint failed to state a cause of action under section 448.102, however, because an injunction is not "a law, rule or regulation" and the federal district court is not an "agency" within the meaning of the Act. The term "law" does not refer to the whole body of law but instead only to positive law. Section 448.101(4) states that the statutory term law, rule, or regulation:
"includes any statute or ordinance or any rule or regulation adopted pursuant to any federal, state, or local statute or ordinance applicable to the employer and pertaining to the business."
In context, the word "includes" is unambiguously one of limitation, not enlargement.
Moreover, in this act, the legislature has defined agency as "any agency of government charged with the enforcement of laws, rules, or regulations governing an activity, policy, or practice of an employer." § 448.101(1) Fla. Stat. (1999). The enforcement of laws is a function of the executive branch of government. See Art. IV, § 1, Fla. Const. ("The governor shall take care that the laws be faithfully executed...."). Courts are in a separate branch of government and, unless clearly and expressly defined by statute, not embraced by the term "agency." See also Art. II, § 3, Fla. Const. ("The powers of the state government shall be divided into legislative, executive and judicial branches. No person belonging to one branch shall exercise any powers appertaining to either of the other branches unless expressly provided herein."). Violations of court orders or injunctions are subject to the contempt powers of a court issuing the injunction powers that are certainly adequate to their purpose. In using the term "agency" the legislature has given the term a meaning narrower than the whole universe of government.
Consequently, the trial court did not err in dismissing the claim.
AFFIRMED.
STEVENSON and HAZOURI, JJ., concur.