972 So.2d 1103 (2008)
LEON MEDICAL CENTERS, INC., d/b/a Leon Medical Centers, a Florida not for profit corporation; Dr. Ricardo F. Martinez, M.D., and Ricardo F. Martinez, M.D., P.A., Appellants,
v.
Estela MARTELL, as Personal Representative of the Estate of George Martell, deceased, Appellee.
Nos. 3D07-96, 3D06-3099.
District Court of Appeal of Florida, Third District.
January 30, 2008.
Carlton Fields, and Henry G. Gyden, Tampa; Romaguera, Baker, Dawson & Bringardner and Erica S. Grossman, Palm Beach Gardens, for appellants.
Samuel M. Spatzer, Coral Gables; Ginsberg & Schwartz, and Arnold R. Ginsberg, Miami, for appellee.
Before COPE and WELLS, JJ., and FLETCHER, Senior Judge.
COPE, J.
Leon Medical Centers, Inc., Dr. Ricardo Martinez, and Dr. Ricardo Martinez, P.A. ("defendants"), appeal an order compelling arbitration. They contend that the trial court compelled arbitration under the incorrect statute. We agree and reverse.
Estela Martell, as Personal Representative of George Martell. ("plaintiff"), filed a notice of intent to initiate a medical negligence claim against the defendants for the wrongful death of George Martell. See § 766.106(2), Fla. Stat. (2004).[1] The defendants sent a letter offering to admit *1104 liability and submit the damages issue to arbitration. See id. § 766.106(3)(b)3. The plaintiff sought clarification on a point not material here. The defendants supplied the requested clarification, and in so doing, stated that "the offer to arbitrate was for voluntary binding arbitration as set forth under Chapter 766." The plaintiff accepted the offer as clarified.
Prior to arbitration, a dispute arose regarding the interpretation of the parties' agreement. The defendants contended that the parties' agreement to arbitrate was subject to the damages limitations set forth in section 766.207, Florida Statutes (2004). The plaintiff contended that those limitations were not applicable.
To resolve this dispute, the plaintiff moved to compel arbitration. The trial court granted the plaintiffs motion and compelled arbitration without damages caps. This timely appeal follows.
The plaintiff begins with the observation that the defendants' offer was made under subparagraph 766.106(3)(b)3., Florida Statutes (2004).[2] The plaintiff points out that the last sentence of subparagraph 3 states, "This offer may be made contingent upon a limit of general damages." The defendants' offer was not stated to be contingent upon a limit of general damages. Therefore, according to the plaintiff, this means that the parties' agreement is for an arbitration with no limitation on general damages.
The plaintiff acknowledges that chapter 766, Florida Statutes, was amended in 2003. Ch. 2003-416, §§ 48-63, Laws of Fla. These amendments simplified the voluntary arbitration provisions of chapter 766. See Thomas D. Sawaya, Personal Injury and Wrongful Death Actions § 12.11 (2008). The plaintiff acknowledges that the Legislature may have intended to make all of chapter 766 subject to the statutory limitation on damages found in section 766.207. However, the plaintiff argues that if this was the legislative intent, the Legislature failed to accomplish it. That is so, the plaintiff says, because the Legislature left intact the sentence just quoted: "This offer may be made contingent upon a limit of general damages." The plaintiff says that because the defendants failed to include a limit of general damages in their offer, there is no limit and the matter should be treated as a voluntary binding arbitration under chapter 44, Florida Statutes.
We need not reach the plaintiffs statutory interpretation argument. In this case the defendants clarified (prior to the plaintiffs acceptance) that their "offer to arbitrate was for voluntary binding arbitration as set forth under Chapter 766." Section 766.207 is part of chapter 766 and prescribes liability limitations. As set forth in the defendants' clarification, their offer was subject to the provisions of chapter 766, which includes the statutory damages limitations.
It follows that the trial court erred in compelling arbitration under section 44.104, Florida Statutes, and in ruling that section 766.207, Florida Statutes is inapplicable. The arbitration shall proceed under chapter 766, Florida Statutes, including section 766.207.
The plaintiff has also argued that the issues addressed above are not reviewable here under Florida Rule of Appellate Procedure 9.130. That rule provides, in part, for review of non-final orders which determine "the entitlement of a party to arbitration[.]" Fla. R.App. P. *1105 9.130(a)(3)(C)(iv). We reject the plaintiff's jurisdictional argument, and conclude that ordering arbitration under an incorrect statutory provision is subject to review under the rule.
For the stated reasons, we reverse the order now before us and remand for further proceedings consistent herewith.[3]
NOTES
[1] The decedent died on May 26, 2004.
[2] For the terminology relating to Florida statutory subdivisions, see The Golf Channel v. Jenkins, 752 So.2d 561, 565 n. 3 (Fla.2000); Keller v. Newman Sons, Inc., 756 So.2d 120, 122 n. 2 (Fla. 3d DCA 2000).
[3] The Legislature might wish to revisit the statutory sentence cited by the plaintiff in light of the plaintiff's argument presented herein.