PER CURIAM.
We affirm this appeal from an election contest finding that the circuit court prop *793 erly followed the applicable statute.[1] After a machine and manual recount, it was determined that Jeff Clemens defeated Mackenson Bernard by 17 votes in the Democratic primary for State Senate District 27. Regarding the canvassing of absentee ballots, section 101.68(2)(c)l., Florida Statutes (2011), provides in pertinent part:
The canvassing board shall, if the supervisor has not already done so, compare the signature of the elector on the voter’s certificate with the signature of the elector in the registration books to see that the elector is duly registered in the county and to determine the legality of that absentee ballot.... An absentee ballot shall be considered illegal if it does not include the signature of the elector, as shown by the registration records.
The Palm Beach County Canvassing Board rejected forty absentee ballots finding that the signatures on the ballots did not match the electors’ signatures in the voter registration records. The Florida Elections Canvassing Commission certified the results. “[TJhere is a presumption that returns certified by election officials are presumed to be correct.” Boardman v. Esteva, 323 So.2d 259, 268 (Fla.1975) (citing Burke v. Beasley, 75 So.2d 7 (Fla.1954)).
Bernard and two electors filed a complaint to contest the election under section 102.168, alleging that the circuit court was required to review affidavits and accept testimony from voters whose absentee ballots had been rejected. Section 102.168(8) provides:
In any contest that requires a review of the canvassing board’s decision on the legality of an absentee ballot pursuant to s. 101.68 based upon a comparison of the signature on the voter’s certificate and the signature of the elector in the registration records, the circuit court may not review or consider any evidence other than the signature on the voter’s certificate and the signature of the elector in the registration records. The court’s review of such issue shall be to determine only if the canvassing board abused its discretion in making its decision.
“Since there is no common law right to contest elections, any statutory grant must necessarily be construed to grant only such rights as are explicitly set out.” McPherson v. Flynn, 397 So.2d 665, 668 (Fla.1981) (citing Pearson v. Taylor, 159 Fla. 775, 32 So.2d 826 (1947)).
It is a fundamental principle of statutory interpretation that legislative intent is the “polestar” that guides a court’s interpretation of a statute. See Borden v. East-European Ins. Co., 921 So.2d 587, 595 (Fla.2006); State v. J.M., 824 So.2d 105, 109 (Fla.2002); Reynolds v. State, 842 So.2d 46, 49 (Fla.2002). Courts endeavor to construe statutes to effectuate the intent of the legislature. See White v. Pepsico, Inc., 568 So.2d 886, 889 (Fla.1990). To discern legislative intent, courts look “primarily” to the actual language used in the statute. See Golf Channel v. Jenkins, 752 So.2d 561, 564 (Fla.2000). Further, “[wjhen the statute is clear and unambiguous, courts will not look behind the statute’s plain language for legislative intent or resort to rules of statutory construction to ascertain intent.” Daniels v. Fla. Dep’t of Health, 898 So.2d 61, 64 (Fla.2005).
In an election contest, section 102.168(8) allows the circuit court to re *794 view only the elector’s signature on the voter’s certifícate and the signature of the elector in the registration records to determine if the canvassing board abused its discretion in making its decision. The statute explicitly states that the circuit court may not review or consider any other evidence. Here, the circuit court reviewed the evidence allowed by section 102.168(8) and found that the canvassing board had not abused its discretion. Appellants’ argument that the circuit court was required to review additional evidence is contrary to the plain meaning of the statute.
Because the circuit court properly followed the clear and unambiguous language of the applicable statute, we AFFIRM. The mandate shall issue forthwith, and no motion for rehearing shall be entertained.
CLARK, MARSTILLER, and MAKAR, JJ., concur.

. We have addressed only those issues that were properly preserved and raised on appeal.