LEWIS, C.J.
Laura Rivero Levey is an intended candidate for the District 113 seat in the Florida House of Representatives. She appeals an adverse final judgment rejecting her claim for declaratory and injunc-tive relief in the form of an order directing that her name be placed on the ballot for the November 2014 general election. We affirm.
Addressing the process of qualifying for election to federal, state, county, or district office, section 99.061(7), Florida Statutes (2014), sets forth the items that must be received by the appropriate filing officer by the end of the qualifying period in order for a candidate to be qualified. Relevant to this matter, subparagraph (7)(a)l. provides as follows:
(7)(a) In order for a candidate to be qualified, the following items must be received by the filing officer by the end of the qualifying period:
1. A properly executed check drawn upon the candidate’s campaign account payable to the person or entity as prescribed by the filing officer in an amount not less than the fee required by s. 99.092, unless the candidate obtained the required number of signatures on petitions pursuant to s. 99.095. The filing fee for a special district candidate is not required to be drawn upon the candidate’s campaign account. If a candidate’s check is returned by the bank for any reason, the filing officer shall immediately notify the candidate and the candidate shall have until the end of qualifying to pay the fee with a cashier’s check purchased from funds of the campaign account. Failure to pay the fee as provided in this subpara-graph shall disqualify the candidate.
(Emphasis added).
The qualifying period for the 2014 election cycle commenced at 12:00 p.m. on Monday, June 16, 2014, and ended at 12:00 p.m. on Friday, June 20, 2014. On June 17, 2014, Levey completed the filing of her qualifying papers with the Secretary of State and tendered a check for the qualifying fee drawn on her campaign account. However, the check was not honored by Levey’s bank, and state officials were not notified of that fact until after the qualifying period had closed. Upon learning that the check had been returned, Levey attempted to tender a cashier’s check for the filing fee accompanied by a letter from her bank explaining that the return of the qualifying check was due to bank error and through no fault of hers, but that tender was refused because the qualifying period had expired.[1]
Levey’s complaint for declaratory and injunctive relief sought a declaration that she was a qualified candidate and injunctive relief ordering the Secretary of State to add her to the list of qualified candidates and directing the Supervisor of Elections to add her name to the ballot for the November 2014 general election. Cross-motions for summary judgment were filed, and following a hearing on the matter, the trial court rendered its final judgment concluding that despite the harshness of the result, section 99.061(7)(a)l. precluded the granting of relief. We agree.
*1226 Legislative intent is the polestar that guides a court’s interpretation of a statute.' Greene v. Clemens, 98 So.3d 791, 793 (Fla. 1st DCA 2012). A court must endeavor to construe a statute to effectuate the Legislature’s intent. Id. In discerning legislative intent, a court must look to the actual language used in the statute. Id. When a statute is clear and unambiguous, a court will not look behind the statute’s plain language for legislative intent or resort to rules of statutory construction to ascertain intent. Id. It is not the prerogative of a court to construe an unambiguous statute differently from the plain language of the words employed, nor is the wisdom of the statute within the ambit of the court’s authority. See Bingham v. Manson, 363 So.2d 370, 371 (Fla. 1st DCA 1978).
The statute at issue is clear and unambiguous. Although we agree with the trial court that this result is harsh, it is mandated by the clear language of the statute. If a candidate’s qualifying check is returned for any reason, the candidate must pay the qualifying fee by cashier’s check before the end of the qualifying period. Levey’s check was returned, the reason for that occurring is immaterial, and she failed to cure the deficiency within the time allotted by the statute. This circumstance “shall disqualify the candidate.” Courts are not at liberty to extend, modify, or limit the express and unambiguous terms of a statute. See Hill v. Davis, 70 So.3d 572, 575 (Fla.2011); see also State v. Chubbuck, 141 So.3d 1163 (Fla.2014).
The result in this case is buttressed by the fact that under an earlier version of section 99.061, if a candidate’s qualifying check was returned, the candidate was allowed 48 hours after being notified of that fact by the filing officer to pay the fee by cashier’s check, “the end of qualifying notwithstanding.” See § 99.061(7)(a)l., Fla. Stat. (2010). The operative language of the current statute, which eliminated the possibility of a post-qualifying cure period for candidates for federal, state, county, and district offices, was adopted by the Legislature in a 2011 amendment. See Ch. 11-10, § 14, at 22, Laws of Fla.[2] It is not within a court’s power to rewrite the statute or ignore this amendment, and any remedy Levey or others aggrieved by the amendment may have lies with the Legislature, not the courts.
AFFIRMED.
RAY, J., concurs; BENTON, J., dissents with opinion.

. Whether Levey was completely without fault in failing to pay the qualifying fee in the manner required by the statute is disputed by the parties. The existence of such a factual dispute would preclude summary judgment, but because the statute applies if a candidate’s qualifying check is "returned by the bank for any reason,” who was at fault is of no consequence to our disposition.

. Notably, in the same session law, the Legislature amended section 105.031, governing qualifying for nonpartisan offices, but did not eliminate the 48-hour cure period provided in that law. See Ch. 11-40, § 51, at 56, Laws of Fla.; § 105.03l(5)(a)l., Fla. Stat. (2014). * While there was evidence that the bank tried to reach Mrs. Levey to inform her that it had *1227 put a hold on a check deposited in her campaign account (and that the check, drawn by the Republican Party of Florida on an account at the same bank, had cleared the Republican Party’s account on June 16), there was no evidence that the bank succeeded in reaching her or that she was in any way at fault for the snafu at the bank. As Chief Judge Francis clearly and correctly said at the hearing below, "The candidate [Mrs. Levey] did not do anything wrong. I’ll make that clear.”