DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**VAUGHN USHER,**
Appellant,

v.

**NIPRO DIABETES SYSTEMS, INC.,** and **NIPRO
MEDICAL CORPORATION,**
Appellees.

No. 4D14-4766

[February 24, 2016]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Mily Rodriguez Powell, Judge; L.T. Case No. CACE-09-027326 (03).

Karen Coolman Amlong and Jennifer Daley of Amlong & Amlong, P.A., Fort Lauderdale, for appellant.

Nina Greene of Genovese Joblove & Battista, P.A., Miami, for appellees.

PER CURIAM.

We reverse the order dismissing Vaughn Usher's various complaints with prejudice for failure to state causes of action. The pleadings attempted to state claims under Florida's whistleblower act and for age discrimination under Florida's Civil Rights Act of 1992.

Section 448.102(3), Florida Statutes (2009) precludes an employer from taking "any retaliatory personnel action against an employee because the employee has objected to, or refused to participate in, any activity, policy, or practice of the employer which is in violation of a law, rule, or regulation." "'Law, rule, or regulation' includes any statute or ordinance or any rule or regulation adopted pursuant to any federal, state, or local statute or ordinance applicable to the employer and pertaining to the business." § 448.101(4), Fla. Stat. (2009).

To state a claim under the statute, Usher was required to plead "'1) that [ ]he objected to or refused to participate in any illegal activity, policy or practice of [Nipro]; 2) [ ]he suffered an adverse employment action; and 3)

the adverse employment action was causally linked to h[is] objection or refusal.'" *Aery v. Wallace Lincoln-Mercury*, LLC, 118 So. 3d 904, 915 (Fla. 4th DCA 2013) (quoting *Gleason v. Roche Labs., Inc.*, 745 F. Supp. 2d 1262, 1270 (M.D. Fla. 2010)); *see also Rivera v. Torfino Enters., Inc.*, 914 So. 2d 1087, 1089 (Fla. 4th DCA 2005).

Usher's complaint pleaded violations of sections of the Federal Food, Drug, and Cosmetic Act with respect to the insulin pump appellee manufactured. Usher further alleged that "documentation and testing was out of compliance with FDA requirements" and that all the products for sale were illegal "because documentation was 'bogus' in that the testing was not done as prescribed and the testing protocols were not properly validated." His complaint cited relevant portions of the United States Code and the Code of Federal Regulations. Combined with allegations of the adverse employment action and the causal connection between Usher's objections the adverse employment action, the complaint sufficiently stated a cause of action under the whistleblower statute.

We also find that Usher stated a claim under section 760.10(1)(a), Florida Statutes (2009). He pleaded that he was over 40 years of age, that at 54 he was appellee's oldest engineer at the time of termination, that new hires were generally 10-20 years younger, and that he was qualified to do the job for which he was rejected. *See, e.g., Kragor v. Takeda Pharm. Am., Inc.,* 702 F.3d 1304, 1308 (11th Cir. 2012). He pleaded that, several months before his termination, his boss told him, "I don't want any of those slow old guys around here any more."

*Reversed and remanded.*

WARNER and LEVINE, JJ., concur.
GROSS, J., concurs specially with opinion.

GROSS, J., concurring specially.

At this point, it is not necessary that we reconsider language in *Aery v. Wallace Lincoln-Mercury, LLC,* 118 So. 3d 904, 915 (Fla. 4th DCA 2013), that may conflict with the thoughtful analysis in *Kearns v. Farmer Acquisition, Co.,* 157 So. 3d 458 (Fla. 2d DCA 2015). Appellant's complaint pleaded actual violations of Federal statutes and regulations.

\*      \*      \*

**Not final until disposition of timely filed motion for rehearing.**