# Third District Court of Appeal

## State of Florida

Opinion filed August 17, 2016.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D16-1804
Lower Tribunal No. 16-16248
_____

**James Barry Wright,**
Appellant,

vs.

**City of Miami Gardens, etc., et al.,**
Appellees.

An Appeal from the Circuit Court for Miami-Dade County, Bronwyn C. Miller, Judge.

SMS|Jones Law, PLLC and Sorraya M. Solages-Jones, (Wellington); Murray Law, P.A., and Jason M. Murray and Rashad M. Collins, for appellant.

Abigail Price-Williams, Miami-Dade County Attorney, and Oren Rosenthal and Michael B. Valdes, Assistant County Attorneys; KYMP LLP and Juan-Carlos Planas, for appellees.

Before SUAREZ, C.J., and FERNANDEZ and SCALES, JJ.

SCALES, J.

Appellant, plaintiff below, James Barry Wright, appeals the trial court's non-final order denying Wright's motion that sought emergency injunctive and mandamus relief, to wit, requiring the Miami Gardens City Clerk and the Dade County Supervisor of Elections to place Wright on the list of qualified candidates for the August 30, 2016 City of Miami Gardens Mayoral Election. Because the relevant statute governing qualifying fees clearly and unambiguously required Wright's disqualification, we are compelled to affirm. However, we certify the issue, as framed below, to the Florida Supreme Court as one of great public importance.

## I. Facts

Seeking to run for mayor of Miami Gardens in the City's August 30, 2016 mayoral election, Wright opened a campaign account with Wells Fargo Bank in February of 2016. As is typical with new accounts, Wells Fargo issued Wright a number of "starter checks." The qualifying period, during which candidates must submit the required paperwork, including, *inter alia*, the qualifying fee, ran from May 26, 2016 through June 2, 2016.

Using one of his "starter checks," Wright paid the $620.00 qualifying fee to the city clerk on June 1, 2016. On June 16, 2016, the city clerk was notified by the City's finance department that Wright's check had been returned to the City "because the account number on the check could not be located."[1] Four days later,

2

on June 20, 2016, Wright was informed by the city clerk that his qualifying check had been returned to the City by the City's bank.[2] While the city clerk initially told Wright he could pay the filing fee (and the $45.00 returned check fee that Wells Fargo had charged the City) with a cashier's check, Wright was later sent an email from the city clerk stating that Wright had been disqualified as a mayoral candidate. The city clerk then refused Wright's tender of a cashier's check. It is undisputed that Wright's account had ample funds, and the check, had it ever been presented for payment, would have been honored. It is also undisputed that Wells Fargo processed and honored some of Wright's other "starter checks" used to pay campaign expenses.

On June 30, 2016, Wright filed the instant action. Wright sought declaratory and mandamus relief against the City, the city clerk, and the Miami-Dade County Supervisor of Elections. On July 27, 2016, the trial court conducted a hearing on Wright's amended motion for temporary injunction and emergency writ of mandamus – that sought to require the defendants to recognize Wright as a qualified candidate for the August 30th mayoral election – and on that date,

---

[1] The face of the check contains the following printed notation: "UN LOCATE ACCT." Beneath that, the following appears: "Do Not Re-deposit." To the left of the check contained in the record, the following notation appears: "RETURN REASON – UNABLE TO LOCATE ACCOUNT."

[2] The City also banked at Wells Fargo, albeit at a different branch than Wright's.

3

entered the order on appeal denying Wright relief. We granted Wright's motion seeking expedited review.

## II. Analysis[3]

Section 99.061(7) of the Florida Statutes governs the process of qualifying for election to office. Section 99.061(7)(a)1. provides as follows:

> (7)(a) In order for a candidate to be qualified, the following items must be received by the filing officer by the end of the qualifying period:
>
> 1. A properly executed check drawn upon the candidate's campaign account payable to the person or entity as prescribed by the filing officer in an amount not less than the fee required by s. 99.092, unless the candidate obtained the required number of signatures on petitions pursuant to s. 99.095. The filing fee for a special district candidate is not required to be drawn upon the candidate's campaign account. *If a candidate's check is returned by the bank for any reason, the filing officer shall immediately notify the candidate and the candidate shall have until the end of qualifying to pay the fee with a cashier's check purchased from funds of the campaign account.* Failure to pay the fee as provided in this subparagraph shall disqualify the candidate.

(emphasis added).

Appellees argue, and we agree, that the plain and unambiguous provisions of the controlling statute require affirmance. When a candidate's qualification fee has been returned by the bank for any reason, the statute rather plainly provides a mechanism for a candidate to pay the qualifying fee only within the qualifying

---

[3] While normally the denial of an injunction is reviewed under an abuse of discretion standard, when, as here, the trial court's decision is based purely on a question of law, our review is de novo. Rangel v. Torres, 77 So. 3d 708, 709 (Fla. 3d DCA 2011).

period. We recognize the statute produces a harsh result in this case. When an unambiguous statute plainly requires a particular result, though, courts are powerless to fashion a different result under the auspices of fairness. Corfan Banco Asuncion Paraguay v. Ocean Bank, 715 So. 2d 967, 970 (Fla. 3d DCA 1998).

In denying Wright's emergency motion, the trial court cited, and was bound to follow, Levey v. Detzner, 146 So. 3d 1224 (Fla. 1st DCA 2014), rehearing en banc denied, Sept. 22, 2014, review denied, 153 So. 3d 906 (Fla. 2014).[4] As in this case, in Levey, the candidate's qualifying fee check was returned because of a bank mistake, i.e., for reasons totally outside of the candidate's control. 146 So. 3d at 1225. Relying on the clear and unambiguous language of the controlling statute, the Levey court held that the statute's use of the term "returned by the bank for any reason" rendered irrelevant any consideration of whether the candidate bore responsibility for the check being returned.[5] Id. at 1226.

We agree with the Levey court's rationale, and the statutory analysis contained therein. Despite our tremendous distaste for the result, we are compelled

---

[4] Weiman v. McHaffie, 470 So. 2d 682, 684 (Fla. 1985) (stating that in the absence of inter-district conflict, district court decisions bind all Florida trial courts).

[5] As in Levey, we note that, prior to the Legislature amending section 99.061(7)(a) in 2011, candidates had 48 hours from notification of a returned check to pay the qualification fee with a cashier's check, "the end of qualifying notwithstanding." § 99.061(7)(a)1., Fla. Stat. (2010). Candidates for judicial office and school board still enjoy this remedy. § 105.031(5)(a)1., Fla. Stat. (2014).

by the plain language of the relevant statute to affirm the trial court's denial of Wright's emergency motion.

### III. Certification of Question of Great Public Importance

Notwithstanding a compelling dissent by Judge Makar, in <u>Levey</u>, the First District denied rehearing en banc on September 22, 2014 and the Supreme Court denied review. 153 So. 3d 906 (Fla. 2014). In addition to providing an alternate construction of the statute that would have avoided Levey's disqualification,[6] Judge Makar alluded to the potential for "political shenanigans" resulting from a rule of law that allows – actually *requires* – a banking error to disqualify an otherwise qualified candidate for public office. <u>Levey</u>, 146 So. 3d at 1233. We share Judge Makar's concern that a bank error, over which the candidate has no control, discovered after the end of the qualifying period, requires disqualification of a candidate and leaves a candidate with no remedy. We note this issue's recurrence has moved the matter from the "mere anecdotal" column to the "likely to recur" column.

We, therefore, certify the following question as one of great public importance:

> Does section 99.061(7)(a)1. require a candidate's disqualification when the candidate's qualifying fee check is returned by the bank

---

[6] Judge Makar suggested that 99.061(7)(a)1. is a remedial statute addressing only those checks returned by the bank prior to the end of the qualification period. <u>Levey</u>, 146 So. 3d at 1232.

after the expiration of the qualifying period due to a banking error over which the candidate has no control?

## IV. Conclusion

Affirmed. Question certified as one of great public importance.