CANADY, J.,
concurring in result only.
I agree with the result reached by the majority — allowing Wright’s candidacy to go forward — but I strongly disagree with the unprecedented route taken by the majority to reach that result.
Based on the arguments presented by Wright, I would decide this case as a matter of statutory interpretation along the lines advanced by Judge Makar in his dissent from the denial of rehearing en banc in Levey v. Detzner, 146 So.3d 1224 (Fla. 1st DCA 2014). As Judge Makar cogently explains, the critical sentence in section 99.061(7)(a) addresses only circumstances in which a check is returned before “the end of qualifying.” Id. at 1231-32 (Makar, J., dissenting from the denial of rehearing en banc). I therefore disagree with the statutory interpretation adopted by the majority. But I agree with quashing the Third District decision and allowing Wright’s candidacy to go forward.
Regarding. the majority’s holding that the version of section 99.061(7)(a) enacted in 2011 is unconstitutional, there is one big problem: the Petitioner has' presented no argument challenging the constitutionality of the statute.[8] It is not within the province of an appellate court to overturn the ruling of a lower court on a ground that has not been urged by the party challenging the lower court’s decision. Anytime that a court does so, the basic structure of the appellate process — which depends on the presentation of issues and the marshaling of arguments by the parties — is seriously undermined. The damage is compounded when a, court sua sponte — without *781 the benefit of any argument by the parties — declares a statute unconstitutional. In such cases, injury is done not only to the appellate process but also to the separation of powers. “It is a well established principle that the courts will not declare an act of the legislature unconstitutional unless its constitutionality is challenged directly by one who demonstrates that he is, or assuredly will be, affected adversely by it.... Courts should not voluntarily pass upon constitutional questions which are not raised by the pleadings.” Henderson v. Antonacci, 62 So.2d 5, 8 (Fla.1952); see also State v. Turner, 224 So.2d 290, 291 (Fla.1969) (“This Court has, on a number of occasions, held that it is not only unnecessary, but improper for a Court to pass upon the constitutionality of an act, the constitutionality of which is not challenged; that Courts are not to consider a question of constitutionality which has not been raised by the pleadings_”). Today’s decision needlessly transgresses this principle.
Under our system of government, one of the most serious and consequential judgments that any court can render is a judgment that the Legislature has violated the Constitution in enacting a particular law. Here, the majority renders such a judgment without anyone suggesting — much less arguing — that such a judgment is required by the Constitution. No matter how wise and learned a court may be, the court should not strike down as unconstitutional a law adopted by the Legislature without the benefit of considering any arguments on the issue of constitutionality. As a coordinate branch of government, the Legislature is certainly entitled to have some argument in favor of constitutionality considered by a court before that court rules that a statute is unconstitutional. See Fla. R. Civ. P. 1.071(b) (providing that a party “drawing into question the constitutionality of a state statute” is required to serve notice on “the Attorney General or the state attorney of the judicial circuit in which the action is pending”).
The potential for unanticipated and untoward consequences is manifest when the court fails to hear and consider such arguments. The majority’s decision in this case provides a,perfect example. Here, the majority declares the statute facially unconstitutional — rather than unconstitutional as applied — and resurrects an earlier version of the statute under which a candidate who submits a check that is properly returned by the bank for non-sufficient funds will nonetheless be given an opportunity to cure the defect. It is unfathomable that such a result could be required by the Constitution, but that result is mandated by today’s ill-considered decision.

. The majority asserts that the constitutionality of the statute is properly at issue here because Wright "specifically claim[ed] that his constitutional rights were violated” and "has consistently asserted that the statute is unreasonable, irrational, and unnecessary.” Majority op. at 779 n. 6. The majority’s position is without any support. Wright has never sought a determination that the statute is unconstitutional. Indeed, he has never so much as suggested that the statute is constitutionally infirm. His position has- consistently been that the City’s position regarding application of the statute is incorrect. He has taken the position not that the statute is infirm but that the City’s interpretation of the statute is unreasonable. Wright did make a reference in his complaint to the City's "untenable position to deny [Plaintiff] his constitutional right to run for public office.” Majority op. at 774 (quoting Petitioner’s "Amended Complaint for Declaratory and In-junctive Relief, and Emergency Writ of Mandamus” at ¶ 51) (majority emphasis omitted). That is part of Wright's attack on the City's interpretation of the statute. It is by no means a challenge to the constitutionality of the statute. The majority can provide no quotations or citations to support its assertions. The vacuity of the majority's assertions on this point is highlighted by its reliance on Judge Makar's dissent from the denial of rehearing en banc in Levey. The majority says that Judge Makar has asserted that the "the statute is unreasonable, irrational, and unnecessary.” Majority op. at 779 n. 6 (citing Levey, 146 So.3d at 1227). As anyone who reads Judge Makar’s dissent will soon discover, the majority’s characterization of his position is totally incorrect. Judge Makar’s position is that the statutory interpretation adopted by the majority here is “unreasonable and unnecessary” — not that the statute is unconstitutional. Levey, 146 So.3d at 1234. Similarly, the majority’s citation of Holley v. Adams, 238 So.2d 401 (Fla.1970), provides no support for the majority’s consideration of an issue that has not been properly presented. Majority op. at 774. The Holley Court addressed the constitutional issue there because "Holley attacked the constitutionality” of the particular statute that was at issue. Holley, 238 So.2d at 404.