# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

———————————————

No. 1D16-2499

———————————————

MALCOLM GAINEY,

    Appellant,

    v.

WASHINGTON COUNTY, FLORIDA,

    Appellee.

———————————————

On appeal from the Circuit Court for Washington County.
Wade Mercer, Judge.

August 1, 2018

## ON MOTION FOR CLARIFICATION

PER CURIAM.

We grant Appellee's motion for clarification, withdraw our previously-issued opinion and substitute the following revised opinion.

Malcolm Gainey was a systems administrator for Washington County from 2002 until his position was eliminated by a 3-2 vote of the county commission in September 2013, in the midst of budgetary difficulties. Gainey was involved in an ongoing dispute with County Commissioner, Lynn Gothard. He complained about indecorous and increasingly improper treatment by Gothard, whom he believed wanted to get him fired, in part, due to his relationship with two male commissioners on the five member

body. Gainey filed a written complaint with the county, which outlined the conflict between him and Commissioner Gothard, including the remarks about his job performance, his gender, and his unwillingness to comply with her request to look further into live-streaming county commission meetings.

Gainey sued, claiming a Florida whistleblower violation against the county for its retaliatory action against him after his disclosure of Gothard's behavior. After discovery was complete, the county moved for summary judgment, which the trial court granted in its favor, finding that Gainey failed to establish a causal connection between his dismissal and his whistleblower report and that the commission's action was supported by a legitimate, non-retaliatory reason, that being the county's budgetary problems.

On appeal, no dispute exists that Gainey engaged in a protected activity and that he "suffered an adverse employment action," which are the first two parts of the three-part whistleblower test. *Florida Dep't. of Children and Families v. Shapiro*, 68 So. 3d 298, 305-06 (Fla. 4th DCA 2011). The third part of the test is whether a causal relationship existed between Gainey's protected activity and his termination. This is in dispute. Gainey's termination occurred in reasonable temporal proximity to the time where evidence existed that the commissioners may have become aware of the whistleblower complaint. Such evidence appears to be sufficient to allow a jury to make the determination of causation. *Id* at 306.

Gainey thus presented a prima facie case, for which the commission could avoid liability by showing a legitimate, nondiscriminatory reason for elimination of Gainey's position. The county claimed that Gainey's termination was due solely to budgetary problems, which is a legally sufficient justification, shifting to Gainey the responsibility of presenting evidence that those problems were pre-textual. The record, however, contains sufficient evidence from which a jury may determine that the elimination of Gainey's job was pre-textual. For instance, after Gainey was terminated, the majority voted to deny him the full amount of accrued annual and sick leave when the prior common practice had been to approve full payment. In addition, remarks were made to an outside company that Gainey was being forced to

2

retire rather than that his position was being eliminated for budget concerns. Other evidence concerning the actual seriousness of the budget crisis was presented, including alternative proposals from the budget committee which would not have eliminated Gainey's position. Gainey presented evidence sufficient to permit a jury to disbelieve the proffered explanations, making summary judgment inappropriate because "issues of fact and sufficiency of evidence are properly reserved for the jury." *Combs v. Plantation Patterns*, 106 F. 3d 1519, 1530 (11th Cir. 1997); *see also Damon v. Fleming Supermarkets of Fla., Inc.*, 196 F. 3d 1354, 1362-63, n.2 (11th Cir. 1999) (a jury can reasonably infer discriminatory animus from circumstantial evidence).

Because Gainey established a prima facie case and produced evidence of pretext that may rebut the County's claim that his position was eliminated for budgetary reasons, summary judgment was improper.

We affirm, without comment, the trial court's award to Appellee of attorney fees and costs associated with the Motion for Protective Order.

AFFIRMED in part, REVERSED in part.

WOLF, MAKAR, and M.K. THOMAS, JJ., concur.

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____

Marie A. Mattox of Marie A. Mattox, P.A., Tallahassee, for Appellant.

Margaret Philips Zabijaka and Jack R. Wallace of Constangy, Brooks, Smith & Prophete, LLP, Jacksonville, for Appellee.