DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**CHARLES BARONE,**
Appellant,

v.

**PALM BEACH HOTEL CONDOMINIUM ASSOCIATION, INC.,**
Appellee.

No. 4D17-3861

[ December 12, 2018 ]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Thomas H. Barkdull, III, Judge; L.T. Case No. 502015CA012610.

Brian Buckstein of Gonzalez, Shenkman & Buckstein, P.L., Wellington, for appellant.

Lillian M. Farinas-Sabogal and Jamie Dokovna of Becker & Poliakoff, P.A., Miami, for appellee.

PER CURIAM.

We reverse the final summary judgment entered in favor of appellant's former employer, the Palm Beach Hotel Condominium Association, on appellant's retaliation claim under Florida's Private Sector Whistleblower Act, section 448.101, *et seq.*, Florida Statutes (2015). Even assuming, without deciding, that the "manager rule"[1] should be applied to

---

[1] "In essence, the 'manager rule' holds that a management employee that, in the course of her normal job performance, disagrees with or opposes the actions of an employer does not engage in 'protected activity.'" *Brush v. Sears Holdings Corp.*, 466 Fed. Appx. 781, 787 (11th Cir. 2012). Florida courts apply Title VII analysis to retaliatory discharge claims under this state's whistleblower statutes. *Rustowicz v. N. Broward Hosp. Dist.*, 174 So. 3d 414, 419 (Fla. 4th DCA 2015). However, federal courts are split as to whether the "manager rule" applies to retaliation claims under Title VII. *Compare Brush*, 466 Fed. Appx. at 787 (applying the "manager rule" to a retaliation claim under Title VII), *with Littlejohn v. City of New York*, 795 F.3d 297, 317 n.16 (2d Cir. 2015) ("The manager rule's focus on an employee's job duties, rather than the oppositional nature of the

whistleblower retaliation claims under section 448.102, we find that there is a genuine issue of material fact as to whether appellant stepped outside his role as manager and engaged in protected oppositional conduct.

Furthermore, we find that there are genuine issues of material fact on the issues of whether appellant had a good faith, objectively reasonable belief that the Association engaged in unlawful activity,[2] and whether appellant's objections were the "but for" cause of the non-renewal of his employment agreement, i.e., the Association's proffered reasons for the adverse employment action were pretextual. Accordingly, we reverse and remand for further proceedings.

*Reversed and Remanded.*

TAYLOR, LEVINE and FORST, JJ., concur.

\*　　　\*　　　\*

**Not final until disposition of timely filed motion for rehearing.**

---

employee's complaints or criticisms, is inapposite in the context of Title VII retaliation claims.").

[2] Under our court's interpretation of the Whistleblower Act, a plaintiff objecting to the employer's conduct need only have "a good faith, objectively reasonable belief" that the employer's activity was illegal. *Aery v. Wallace Lincoln-Mercury, LLC*, 118 So. 3d 904, 916 (Fla. 4th DCA 2013). By contrast, the Second District has disagreed with *Aery* in dicta and interpreted the Whistleblower Act as requiring a plaintiff to prove "that he objected to an *actual* violation of law or that he refused to participate in activity that would have been an *actual* violation of law." *Kearns v. Farmer Acquisition Co.*, 157 So. 3d 458, 465 (Fla. 2d DCA 2015) (emphasis added). In any event, the Association has not asked us to reconsider *Aery* in this appeal, and it remains the law in this district.