[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 22-12059

Non-Argument Calendar

_____

MICHELE VUOLO,

Plaintiff-Appellant,

*versus*

MHM HEALTH PROFESSIONALS, LLC,

d.b.a. Centurion Healthcare,

Defendant-Appellee,

_____

Appeal from the United States District Court
for the Northern District of Florida

D.C. Docket No. 4:21-cv-00473-AW-MAF

_____

Before LAGOA, BRASHER and DUBINA, Circuit Judges.

PER CURIAM:

Appellant Michele Vuolo appeals the district court's order dismissing with prejudice her second amended complaint alleging that MHM Health (MHM), her employer, retaliated against her in violation of the Florida Whistleblower Act, § 448.101, *et seq.*, Florida Statutes ("FWA). Vuolo initially filed her complaint in state circuit court and MHM removed the action to federal court based on diversity jurisdiction. After MHM filed a motion to dismiss, Vuolo filed an amended complaint, and HMH filed another motion to dismiss. The district court granted MHM's motion to dismiss Vuolo's first amended complaint, without prejudice, but allowed Vuolo 14 days to file a second amended complaint to correct the deficiencies in her amended complaint. Vuolo filed a second amended complaint with similar allegations and HMH filed another motion to dismiss. The district court granted the motion to dismiss with prejudice, concluding that Vuolo failed to plead protected activity under the FWA. Vuolo filed a timely appeal. Having read the parties' briefs and reviewed the record, we affirm the district court's order dismissing with prejudice Vuolo's complaint under the FWA.

I.

We review *de novo* a district court's order to dismiss a complaint with prejudice, applying the same standards the district court used. *Doe #1 v. Red Roof Inns, Inc.*, 21 F.4th 714, 723 (11th Cir. 2021).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009) (internal quotation marks omitted).  A plaintiff does not have to provide detailed factual allegations, but she must provide more than "labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1965 (2007).  The plaintiff must establish "facial plausibility" by pleading "factual content that allows the court to draw the reasonable inference that the defendant is liable for the conduct alleged." *Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949.

## II.

Vuolo contends on appeal that the district court erred in dismissing with prejudice her second amended complaint alleging a violation of the FWA.  Vuolo asserts that MHM unlawfully terminated her from her position of Advanced Registered Nurse Practitioner/Site Medical Provider with a penal institution because she reported to her supervisor that one of her transgender patients had been threatened with sexual assault and was at risk of being raped.  Vuolo claims that she was concerned about violations pursuant to the Prison Rape Elimination Act ("PREA"), 28 C.F.R. § 115.22 (stating policies to ensure referrals of allegations

of sexual abuse and sexual harassment); 115.61 (providing that all agency staff shall report any knowledge, suspicion or information regarding a sexual abuse or sexual harassment situation); 115.62 (stating that when an agency learns that an inmate is subject to a substantial risk of imminent sexual abuse, it shall take action to protect the inmate). When HMH took no action to protect the inmate in question, Vuolo asserts that her employment environment began to deteriorate, and she began to experience clear acts of retaliation, mainly greater scrutiny in the form of micromanagement.

Vuolo also references an audit by the regional nursing supervisor, T. Thomas, who assessed one of Vuolo's patients and changed the antibiotic regimen Vuolo had prescribed. Nurse Thomas did not notify Vuolo of the change until after she made it. Vuolo claims that this action undermined Vuolo's authority and placed the patient in a compromising position. Vuolo also asserts that this action was in violation of the Nursing Practice Act, § 464, Florida Statute (NPA). Vuolo reported the incident to her supervisor, but the supervisor took no remedial action. Soon thereafter, her supervisor terminated her employment.

## III.

The Florida Private Section Whistleblower's Act, in Chapter 448, Florida Statute provides that "[a]n employer cannot take retaliatory personnel action against an employee because the employee has [d]isclosed or threatened to disclose, to any appropriate governmental agency, . . . an activity, policy, or practice of the

22-12059                Opinion of the Court                5

employer that is in violation of a law, rule, or regulation." Fla. Stat. § 448.102. As such, a valid action under the Act must allege that (1) plaintiff engaged in a protected activity, (2) plaintiff suffered a materially adverse employment action, and (3) the adverse action was causally connected to the protected activity. *Usher v. Nipro Diabetes Sys., Inc.*, 184 So. 3d 1260, 1261-62 (Fla. DCA 2016); *Aery v. Wallace Lincoln-Mercury, LLC.*, 118 So. 3d 904, 916 (Fla. DCA 2013).

Protected activity is objecting to or refusing to participate in an employer's activity, policy, or practice that violates a "law, rule or regulation." *See* § 448.102(3). Also, a law, rule or regulation means "any statute or ordinance or any rule or regulation . . . applicable to the employer and pertaining to the business." § 448.101(4). Vuolo alleges two protected activities in which she engaged: (1) reporting to her supervisor her concerns about the safety of a transgender inmate, and (2) objecting to another nurse's change in a patient's antibiotic regimen. She attempts to connect these protected activities to MHM's violations of the PREA and the Florida NPA. We conclude that the record demonstrates that the district court did not abuse its discretion in dismissing Vuolo's complaint with prejudice because she failed to allege protected activity under the PREA and the NPA.

The provisions of the NPA she relies upon do not actually implicate or prohibit any conduct, including any conduct by MHM. Section 464.002 of the NPA recites its legislative purpose, and section 464.0095(17) merely provides the definition for the

term "state practice laws."  Neither section contains language prohibiting a violation by any person or entity, nor does either section contain language prohibiting a nurse from changing a patient's medication orders.  Because neither of the NPA provisions upon which Vuolo relies could serve as the basis for an alleged protected complaint under the FWA, the district court's order of dismissal was proper.

Vuolo also claims that she engaged in protected expression by reporting MHM's purported failure to respond to a report she made concerning the risk of sexual assault to a transgender inmate/patient.  She asserts that MHM's failure to react violated numerous different regulations implementing the PREA.  However, none of the provisions of the PREA that Vuolo identifies as the grounds of her protected expression under the FWA are appliable to MHM.  Four of the PREA regulations do not cover the conduct she described, and several of the regulations apply only to "practitioners" and Vuolo did not allege any facts in her second amended complaint indicating that MHM was a "practitioner" with a duty under 28 C.F.R. § 115.61(c).  Several other provisions on which Vuolo relies do not apply to MHM and, if they did, relate only to MHM's failure to satisfy after-reporting duties.

Moreover, the two other PREA provisions Vuolo relies upon to form the basis of her FWA claim, 28 C.F.R. §§ 115.22(a) and 115.62, only place obligations on an "agency" within the PREA.  Vuolo had to allege facts showing that MHM is an agency to plausibly state a claim based upon violations of these sections

of the PREA, and she failed to do so.  In her complaint, Vuolo stated that MHM is organized under Florida law and employed her.  She did not allege that is an "agency," that has "direct responsibility for the operation of any facility that confines inmates."  28 C.F.R. § 115.5.  Vuolo also asserted that MHM provides healthcare at certain Florida Department of Corrections facilities under contract, and this contract somehow obligates MHM to comply with the PREA.  The PREA defines "agency" and "contractor" separately, and Vuolo cited no provision concerning contractors to support her assertion.  Thus, we conclude from the record that the district court did not abuse its discretion in dismissing her second amended complaint because Vuolo failed to state a plausible claim for relief as to her allegation that she engaged in activity protected by the PREA.

Accordingly, based on the aforementioned reasons, we affirm the district court's order dismissing Vuolo's second amended complaint with prejudice.[1]

**AFFIRMED**

---

[1] We decline to address Vuolo's argument that the district court should have granted her leave to amend her second amended complaint. The district court granted her leave to amend once, giving her specific guidance on what she needed to correct the deficiencies in her first amended complaint.  By the time Vuolo filed her second amended complaint, she had three attempts to state a single FWA claim and yet still failed to state a plausible claim.  Thus, there was no reason the district court would believe Vuolo could state a claim if given a fourth opportunity.  That does not constitute reversible error.