# FIRST DISTRICT COURT OF APPEAL
# STATE OF FLORIDA

_____

No. 1D2023-2297
_____

CLINT SHANNON GESSNER,

Appellant,

v.

SOUTHERN COMPANY and GULF
POWER COMPANY,

Appellees.

_____


On appeal from the Circuit Court for Escambia County.
Amy P. Brodersen, Judge.

November 20, 2024


LEWIS, J.[1]

This appeal arises from a single count of employment retaliation under Florida's Whistleblower's Act ("FWA"). Appellant, Clint Shannon Gessner, appeals a summary final judgment entered in favor of Appellees, Southern Company and Gulf Power Company. Appellant raises three issues on appeal, only one of which merits discussion. He contends that the trial court erred in determining that he had to show under section

---

[1] Judge Lewis was substituted for an original panel member in this proceeding after oral argument. He has reviewed the parties' briefs, the record, and the recording of the oral argument.

448.102(3), Florida Statutes (2018), that he objected to, or refused to participate in, an *actual* violation of a law, rule, or regulation by his employer in order to be protected under the FWA from employment retaliation, as opposed to showing only a *good faith, reasonable belief* that a violation occurred. For the reasons that follow, we affirm. In doing so, we align ourselves with the Second District in *Kearns v. Farmer Acquisition Co.*, 157 So. 3d 458 (Fla. 2d DCA 2015), and certify conflict with the Fourth District's opinion in *Aery v. Wallace Lincoln-Mercury, LLC*, 118 So. 3d 904 (Fla. 4th DCA 2013).

*Factual Background*

Appellant worked for Gulf Power Company for nearly a decade. He claimed to have received positive performance evaluations for over nine years, while his employer claimed that he consistently struggled with issues relating to performance, skills progression, and competencies as a welder mechanic. Appellant was disciplined for various incidents over the course of his employment, and he raised a number of safety-related concerns throughout his time with the company. Appellant's employment was terminated after he used disparaging language towards a coworker and acting team leader. In response, Appellant sued Appellees under the private sector FWA, alleging that he was discharged in retaliation for objecting to certain practices "that were in violation of state and/or federal laws or that he reasonably and objectively believed were in said violation."

In their summary judgment motions, Appellees asserted in part that Appellant could not establish that he objected to actual violations of laws, rules, or regulations. Relying on the Fourth District's *Aery* decision, Appellant argued that he needed to present evidence of a good-faith, objectively reasonable belief that his employer's actions were illegal, not proof that an actual violation occurred. The trial court found the appropriate standard to be the one "established" by the Second District in *Kearns* – that in order to be protected under the private sector FWA as set forth in section 448.102(3), an employee must show that an employer committed an actual violation of a law, rule, or regulation. Finding that Appellant failed to meet that standard, the trial court granted Appellees' summary judgment motions and entered a final

2

judgment in their favor. The court denied Appellant's motion for rehearing. This appeal followed.

*Analysis*

A trial court's order granting summary judgment is reviewed de novo. *Garcia v. S. Cleaning Serv., Inc.*, 360 So. 3d 1209, 1211 (Fla. 1st DCA 2023). The federal summary judgment standard, which Florida has adopted, requires a trial court to grant summary judgment if the movant "shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." *Id.* (quoting Fla. R. Civ. P. 1.510). This standard requires the trial court to enter summary judgment "'against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.'" *In re Amends. to Fla. Rule of Civ. Proc. 1.510*, 309 So. 3d 192, 193 (Fla. 2020) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986)).

To survive summary judgment, Appellant was required to establish a prima facie case of retaliation under the FWA by demonstrating that: (1) he engaged in a protected activity; (2) he suffered an adverse employment action; and (3) a causal relation existed between the two events. *Gainey v. Washington Cnty.*, 251 So. 3d 1032, 1033–34 (Fla. 1st DCA 2018). The question presented in this case is whether Appellant engaged in a protected activity. The statute under which Appellant sought relief prohibits an employer from taking any retaliatory personnel action against an employee who "[o]bjected to, or refused to participate in, any activity, policy, or practice of the employer which is in violation of a law, rule, or regulation." § 448.102(3), Fla. Stat. (2018).

Florida's Second and Fourth District Courts of Appeal disagree on what an employee seeking whistleblower protection under the statute is required to establish. In *Aery*, the Fourth District cited *Luna v. Walgreen Co.*, 575 F. Supp. 2d 1326, 1343 (S.D. Fla. 2008), in support of its determination that "all that is required is that the 'employee have a good faith, objectively reasonable belief that h[is] activity is protected by the statute.'" 118 So. 3d at 915. In *Kearns*, on the other hand, the Second

3

District reasoned that section 448.102(3) is "plainly worded" as requiring a plaintiff to prove conduct that is in violation of the law. 157 So. 3d at 463. After citing a number of supporting federal cases, the Second District reasoned in part as follows:

> In reaching its decision, the *Aery* court relied upon the Southern District's decision in *Luna* . . . . More recently, the Southern District relied upon *Aery* for the reasonable belief standard in *Hernandez v. Publix Super Markets, Inc.,* 11 F.Supp.3d 1177 (S.D.Fla.2014).
>
> *Luna* interpreted the ADA, along with the FWA, regarding retaliation. . . . The court relied on a Title VII case to determine that an employee need only have a good faith, objectively reasonable belief that the employee's activity is protected by the statute. *Id.* . . .
>
> . . . .
>
> . . . In *Standard,* the Eleventh Circuit recognized that under a Title VII claim the employee claiming retaliation for opposing the employer's conduct must have a good faith, objectively reasonable belief that the employer's conduct was unlawful under Title VII. 161 F.3d at 1328; *see also Little v. United Techs., Carrier Transicold Div.,* 103 F.3d 956, 960 (11th Cir.1997).
>
> In contrast to *Luna*, in *White,* 369 F.Supp.2d at 1338, the Middle District stated that it would not apply the Title VII standard to the FWA. The *White* court noted that the Florida Supreme Court has stated that the FWA "prohibits private sector employers from retaliating against 'employees who "blow the whistle" on employers who *violate* the law or against employees who refuse to participate in *violations* of the law.' " *Id.* at 1337 (quoting *Arrow Air, Inc. v. Walsh,* 645 So.2d 422, 423 (Fla.1994)); *see also Golf Channel v. Jenkins,* 752 So.2d 561, 562 (Fla.2000) (stating that the FWA is "designed 'to protect private employees who report or refuse to assist employers who violate laws enacted to protect the public'" (quoting *Arrow Air,* 645 So.2d at 424)). The *White* court

4

also looked to Florida cases that addressed the definition of "law, rule or regulation" in section 448.102(3), such as *New World Communications of Tampa, Inc. v. Akre,* 866 So.2d 1231, 1233 (Fla. 2d DCA 2003), and *Tyson v. Viacom, Inc.,* 760 So.2d 276, 277 (Fla. 4th DCA 2000).

In the definition section of the FWA it provides that "'[l]aw, rule, or regulation' includes any statute or ordinance or any rule or regulation adopted pursuant to any federal, state, or local statute or ordinance applicable to the employer and pertaining to the business." § 448.101(4). Thus, it must be a legislatively enacted law, rule, or regulation. . . . Thus, Florida courts have determined that an employee's belief that a law, rule, or regulation was violated was insufficient under the FWA when the prohibition did not meet the statutory definition of a law, rule, or regulation.

The *White* court also recognized that element three of an FWA claim regarding the causal link between the adverse employment action and the statutorily protected activity uses the burden shifting analysis applied in Title VII cases, but that "does not alter the fact that this Court must apply the plain language of the FWA, along with Florida case law interpreting that statute, when determining what constitutes participation in statutorily protected activity." 369 F.Supp.2d at 1338.

Of course, any ambiguity in a remedial statute like the FWA "should be liberally construed in favor of granting access to the remedy provided by the Legislature." *Golf Channel,* 752 So.2d at 565–66 (interpreting notice provision of the FWA). But "[t]he first principle of statutory construction is that legislative intent must be determined primarily from the language of the statute." *Id.* at 564. When a statute is plain and unambiguous, there is no need for judicial interpretation. *Id.*

Section 448.102(3), which is the pertinent statutory section here, applies when an employee "[o]bjected to, or

5

refused to participate in, any activity, policy, or practice of the employer which is in violation of a law, rule, or regulation." In contrast, subsection (2) of the same statute specifically applies when an employee provides information to "any appropriate governmental agency, person, or entity conducting an investigation, hearing, or inquiry into an *alleged violation* of a law, rule, or regulation by the employer." § 448.102(2) (emphasis added). And Florida's *public* whistleblower's act specifically provides that the nature of the information disclosed must include "[a]ny violation or *suspected violation* of any federal, state, or local law, rule, or regulation." § 112.3187(5)(a), Fla. Stat. (2014) (emphasis added). Thus, in both the private and public whistleblower's acts the Florida Legislature has indicated when an alleged or suspected violation of law is sufficient as opposed to an actual violation of law.

And the *White* court explained that requiring a plaintiff to prove an actual violation under section 448.102(3) of the FWA promoted its policies "while adequately protecting the legitimate interests of private employers." 369 F.Supp.2d at 1338. The court explained as follows:

> In contrast to Title VII, which specifically defines the type of conduct that can subject an employer to a lawsuit, the FWA encompasses a wide array of illegal conduct. To expand the statutory language of the FWA further to provide protection for every employee's reasonable belief would be to run afoul of the plain language of the statute and to expand beyond recognition this limited rule which simply allows employees to shed light on their employer's conduct, which is in violation of a law, rule or regulation, without fear of retaliation. Allowing for the expanded reading of the statute Plaintiff proposes would place an onerous burden on the employer to anticipate all of its conduct that an employee may reasonably

6

believe is proscribed by a law, rule or regulation. Even if the employer knows the conduct is perfectly legitimate, it would be left with the Hobson's choice of terminating the employee and defending suit against the employee's reasonable belief or allow[ing] the employee to refuse to meet the requirements of the job with no consequence. In apparent recognition of this dilemma the legislature declined to include in the relevant section of the Act this protection for employees.

*Id.* at 1338–39. Based on a plain reading of the FWA and the reasoning in *White,* we agree with the Employer that under section 448.102(3) Kearns must prove that he objected to an actual violation of law or that he refused to participate in activity that would have been an actual violation of law. Thus, we are not persuaded by the Fourth District's opinion in *Aery.* However, the issue of which standard applies is not determinative because we conclude Kearns presented evidence that, when viewed in the light most favorable to him, establishes an actual violation of the law.

*Id.* at 463–65.[2]

---

[2] The Fourth District has recognized the Second District's disagreement on the issue. *See Barone v. Palm Beach Hotel Condo. Ass'n, Inc.*, 262 So. 3d 767, 769 n.2 (Fla. 4th DCA 2018) ("By contrast, the Second District has disagreed with *Aery* in dicta. . . . In any event, the Association has not asked us to reconsider *Aery* in this appeal, and it remains the law in this district."); *Usher v. Nipro Diabetes Sys., Inc.*, 184 So. 3d 1260, 1262 (Fla. 4th DCA 2016) (Gross, J., concurring specially) ("At this point, it is not necessary that we reconsider language in *Aery* . . . that may conflict with the thoughtful analysis in *Kearns* . . . . Appellant's complaint pleaded actual violations of [f]ederal statutes and regulations."). The language used in both cases indicates that the Fourth District may be open to reconsidering its holding in *Aery* were the issue before it again.

7

We agree with the Second District's reasoning in *Kearns* and hold that a plaintiff in a private sector FWA action brought pursuant to section 448.102(3) must establish that he or she objected to, or refused to participate in, an activity, policy, or practice of the employer that is an actual violation of a law, rule, or regulation. In so holding, we are guided first and foremost by the plain language of section 448.102(3). A statute is to be given its plain and obvious meaning when its language is unambiguous. *Univ. of Fla. Bd. of Trs. v. Browning*, 387 So. 3d 371, 376 (Fla. 1st DCA 2024); *see also Ham v. Portfolio Recovery Assocs., LLC*, 308 So. 3d 942, 946 (Fla. 2020) (following the "supremacy-of-text" principle, which provides that the words of a governing text are of paramount concern and that what the words convey is what the text means). Courts are not at liberty to extend, modify, or limit a statute's express terms. *Univ. of Fla. Bd. of Trs.*, 387 So. 3d 376–77. Interpreting section 448.102(3) to include a good-faith standard, as *Aery* did and as Appellant asks us to do, would require us to extend or add words to the statute that were not placed there by the Legislature. Had the Legislature wished to provide the same whistleblower protection for private sector employees who disclose *suspected* violations of law as it did for public sector employees under section 112.3187(5)(a), it certainly could have done so. The fact that it spoke of an "activity, policy, or practice of the employer which *is in violation* of a law, rule, or regulation" in section 448.102(3) makes clear that it is an actual violation that is necessary for a private sector employee to claim the protection of the statute. *See DeSantis v. Dream Defenders*, 389 So. 3d 413, 423 (Fla. 2024) ("The statute's words answer this one."); *Nassau Cnty. v. Willis*, 41 So. 3d 270, 279 (Fla. 1st DCA 2010) ("When the language of a statute is unambiguous, courts are bound to follow the text.").

We find it noteworthy that a number of federal district courts have approved of the reasoning in *Kearns* and not *Aery*. *See Pierre v. AIDS Healthcare Found., Inc.*, Case No.: 19:62556-CIV, 2020 WL 6381557, at *5 (S.D. Fla. Oct. 30, 2020); *Butterfield v. JetBlue Airways Corp.*, Case No. 20-60660-CIV, 2020 WL 5627389, at *1 (S.D. Fla. Aug. 17, 2020); *Graddy v. Wal-Mart Stores E. LP*, 237 F. Supp. 3d 1223, 1226–28 (M.D. Fla. 2017); *Obukwelu v. Tallahassee Mem'l Healthcare, Inc.*, Case No. 4:15cv55-MW/CAS, 2015 WL 11110552, at *3 (N.D. Fla. June 25, 2015); *Goodwin v. Dyncorp*

8

*Int'l LLC*, Case No.: 3:14-cv-116/RV-EMT, 2015 WL 12672085, at *3 n.6 (N.D. Fla. Mar. 30, 2015). The district court in *Pierre* opined that the plain language of the statute would lead the Florida Supreme Court, were it to address this issue, to adopt the actual violation standard from *Kearns*. 2020 WL 6381557, at *5. Similarly in *Graddy*, the district court stated its belief that the Florida Supreme Court would adopt the reasoning in *Kearns* rather than the reasoning in *Aery* based on the plain language of the statute. 237 F. Supp. 3d at 1227. The court reasoned, "The statute's requirement that an employer's policy be '*in* violation of a law' is unequivocal. It does not provide protection to employees for 'alleged' or 'suspected' violations of the law." *Id.* We agree.

While Appellant claims that our interpretation will frustrate the purpose behind the FWA of encouraging employees to raise potential safety issues without fear of reprisal from their employers, we are constrained by the plain language of the statute. It is not for us to judge the reasoning behind the Legislature's decision in the private sector employment arena. *See Bush v. Holmes*, 919 So. 2d 392, 398 (Fla. 2006) ("As a general rule, courts may not reweigh the competing policy concerns underlying a legislative enactment."); *Levey v. Detzner*, 146 So. 3d 1224, 1226 (Fla. 1st DCA 2014) (observing that the wisdom of a statute is not within the ambit of a court's authority).

## *Conclusion*

For the foregoing reasons, we affirm the summary final judgment. Because our interpretation of section 448.102(3) conflicts with the Fourth District's decision in *Aery*, we certify conflict with it.

AFFIRMED; CONFLICT CERTIFIED.

M.K. THOMAS, J., concurs; TANENBAUM, J., concurs in result with opinion.

9

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

TANENBAUM, J., concurring in result and in certification of conflict.

As an exercise in statutory interpretation, this is not a hard case. Both parties rely heavily on opinions from the federal courts to support their respective positions as to what the Legislature's plain language means. To be frank, we do not need input from those courts to figure out this question of Florida statutory interpretation. Indeed, "plain meaning" means the words permit an easy, commonsense assessment, no in-depth analysis borrowed from other courts being necessary.

The protected activity relevant to this appeal must relate to "any activity, policy, or practice of the employer" that "*is* in violation of a law, rule, or regulation." § 448.102(1), (3), Fla. Stat. (emphasis supplied).[1] The use of the just-highlighted present-tense linking verb answers the issue the appellant attempts to raise, as a matter of simple grammar. As a linking verb, "is" joins the prepositional phrase "in violation of a law, rule, or regulation" (as the subject complement, via the relative pronoun) to that pronoun's antecedent—the employer's "activity, policy, or practice," something the employee supposedly has disclosed to a governmental agency or otherwise objected to. This grammatical syntax allows the former phrase (*viz.*, "in violation") to provide more information about the latter (*viz.*, "any activity, policy, or

---

[1] Subsection one uses the relative pronoun "that," and subsection three uses the pronoun "which"; neither relative pronoun being preceded by a comma. There is no difference in meaning between the two as they are used in this statute—as the subject of an adjective clause pointing back to the noun phrase the clause modifies: "*an activity, policy, or practice* of the employer." *Id.* (emphasis supplied).

10

practice") with respect to the circumstances under which employee protections kick in. Subsections one and three, then, both require that the employer's conduct be in the *present* state of unlawfulness—as a matter of objective fact—at the time the employee supposedly acted in response.

This reading stands in marked contrast to the appellant's proposed reading—*belief* that a violation has occurred, whether it has or not—which imposes a more speculative, subjective, or contingent state on the "activity, policy, or practice" that would give rise to statutory protection, a state calling, not for the use of "is," but for the use of other linking verbs like "seems" or "appears"; or of modals like "might [be]" or "could [be]." When given an opportunity to present evidence demonstrating a genuine issue of material fact on this (thereby beating back summary judgment)—something his employer was doing that was illegal or contrary to a rule or regulation at the time he reported it or objected to it—the appellant failed to do so. Instead, he pointed only to safety *concerns* that he raised internally with his employer and externally with OSHA—concerns that were addressed—concerns that the appellant merely *believed* to be violations. Because the statute sticks with the verb "is," that appellant *believed* his employer's conduct to be unlawful was irrelevant to the assessment whether he had taken actions protected under the statute.

The appellant having failed to come forward with evidence on which a reasonable juror could find in his favor under this plain reading of section 448.102, Florida Statutes, the trial court correctly granted summary judgment in favor of the appellees, dismissing the appellant's complaint. Accordingly, I concur in the disposition in this appeal. I also concur in the conclusion set out by the majority: The protected conduct of the employee must relate to "an actual violation of a law, rule, or regulation" by the employer.

The Second District's extended foray into federal law and federal-court interpretation in *Kearns v. Farmer Acquisition Co.*, 157 So. 3d 458 (Fla. 2d DCA 2015)—repeated by the majority opinion, along with its own reliance on federal-court decisions—is neither necessary nor helpful, and I decline to join in the majority's alignment with that opinion. Still, there is a clear conflict between our holding as to the statute's meaning, and where the Fourth

District came down on the same question in *Aery* (albeit without specifically quoting or treating the relevant statutory text).[2] For that reason, I concur in the certification of "direct conflict with" the *Aery* decision.

―――――――――――――――――

Ashley N. Richardson and Marie A. Mattox of Marie A. Mattox, P.A., Tallahassee, for Appellant.

Alan Lawson, Jason Gonzalez, and Jessica Slatten of Lawson Huck Gonzalez, PLLC, Tallahassee; Mathew D. Gutierrez of Lawson Huck Gonzalez, PLLC, Coral Gables, for Appellee Gulf Power Company; Russell F. Van Sickle of Beggs & Lane, RLLP, Pensacola, for Appellee Southern Company.

---

[2] *See Aery v. Wallace Lincoln-Mercury, LLC*, 118 So. 3d 904, 916 (Fla. 4th DCA 2013) ("In meeting this standard, however, all that is required is that the 'employee have a good faith, objectively reasonable belief that h[is] activity is protected by the statute.'" (quoting *Luna v. Walgreen Co.,* 575 F. Supp. 2d 1326, 1343 (S.D. Fla. 2008))).